## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EDUCATION MANAGEMENT II, LLC, *et al.*,[1] | ) | Case No. 18-11494 (LSS) |
| | ) | |
| Debtors. | ) | |
| | ) | |

### DEBTORS' MOTION TO FILE AND MAINTAIN STUDENT NAMES AND ADDRESSES UNDER SEAL

Education Management II, LLC (the "Company") and its affiliated debtors (collectively, "Debtors") respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to 11 U.S.C. § 107(c), Rule 9018 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the  United States Bankruptcy Court for the District of Delaware ("Local Rules") authorizing Debtors to file, and the Clerk and/or appointed claims and noticing agent[2] to maintain, the names and addresses of Debtors' former students under seal in their respective chapter 7 cases.  In support of this motion ("Motion"), Debtors respectfully state as follows:

### JURISDICTION & VENUE

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), Debtors consent to the entry of a final order by the Court on this Motion if it is later determined that the Court, without consent of the

---

[1]    Debtor anticipate that the trustee appointed in this and the fifty-eight related cases has or will soon file a motion seeking joint administration of such cases, with this case designated as the lead case.  A listing of all fifty-nine affiliated debtors and the case number assigned to each debtor is attached hereto as **Exhibit B**.

[2]    Debtors anticipate that the trustee may seek to employ and retain a claims and noticing agent in Debtors' chapter 7 cases.

parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## GENERAL BACKGROUND

2.      Through organic growth and acquisitions, the Company and its affiliated entities became among the largest providers of postsecondary education in North America, operating 110 primary locations across 32 U.S. states and in Canada.  The Company and its affiliated entities' schools were organized into four separate education systems: The Art Institutes; South University; Argosy University; and Brown Mackie Colleges.

3.      The Company and its affiliates experienced deteriorating results from operations over the last several fiscal years due to the stagnant U.S. economy, the substantial decrease in the availability of private lending sources to fund tuition and fees, the loss of federal and state support for student financial aid, the impact of adverse publicity related to the for profit education industry, student concerns about incurring debt to fund their education, the impact of new regulations, and inability to increase tuition rates, among other factors.  The number of students attending the Company and its affiliated entities' post-secondary institutions contracted from 158,300 students to 112,400 students and net revenues decreased from $2,887.6 million to $1,936.5 million in four years.

4.      In November 2015, the Company entered into settlement agreements with (i) the U.S. Department of Justice, 12 state attorneys general, the District of Columbia and relators resolving four cases filed under federal and state False Claims Acts, and (ii) 39 state attorney generals and the District of Columbia to end state-level investigations into recruiting practices (the "2015 Settlements"). The 2015 Settlements required the Company to pay $95.5 million and forgive approximately $100 million of loans to certain students who attended the Company's institutions between January 1, 2006 and December 31, 2014.

#49260635 v1

5.      As a result of the 2015 Settlements and continued worsening operating results, the Company undertook a substantial restructuring of its business, starting in late 2015 and early 2016, which included the teach-out[3] of a substantial number of lower performing school locations.  The teach-outs included 19 of the 51 Art Institute locations, 22 of the 26 Brown Mackie College locations and one Argosy University campus.  The Company spent significant sums to teach-out these school locations, including the payment of obligations that otherwise would not have been funded, with the final school teach-outs completed in December 2017.

6.      The Company also engaged an investment advisor to pursue the sale of the school locations that were not being taught-out.  The Company pursued a number of transaction opportunities to maximize the value of its remaining assets and consummated the following sale transactions:

(i)      On July 1, 2016, the Company sold The Connecting Link II, LLC ("The Connecting Link") to Triad Learning Systems, LLC and Taylor Study Method, LLC for the payment to the Company of $1.7 million.

(ii)     In January 2017, the Company sold assets associated with the Brown Mackie College campuses located in Bettendorf, Iowa; Hopkinsville, Kentucky; and North Canton, Ohio to Ross Education, LLC ("Ross Education") and paid Ross Education $2.0 million in connection with the sale. The purchase price was subject to a final net working capital adjustment, which resulted in an additional amount of $0.1 million due to Ross Education.

(iii)    On January 31, 2017, the Company sold equity interests in The Art Institute of Vancouver to College LaSalle International Inc. and 1092880 B.C. LTD. (the "AiV Purchasers") for the payment to the Company of $16.0 million, with $2.0 million of the purchase price paid to an escrow established for potential claims by the AiV Purchasers. The purchase price was subject to a post-closing adjustment to the extent working capital at The Art Institute of Vancouver on the closing date was greater than or less than negative $2.3 million, which resulted in $0.5 million due to the AiV Purchasers.

---

[3]      By "teach out", Debtors mean that they stopped accepting new students but worked with all existing students to complete their degrees.

#49260635 v1

(iv)     On January 18, 2017, the Company and certain of its subsidiaries entered into an Asset Purchase Agreement (the "DCF Purchase Agreement") with Dream Center Foundation ("DCF"), a not for profit entity, and certain of its newly formed subsidiaries (collectively with DCF, the "DCF Buyers") for the sale of substantially all of the Company's remaining school locations, specifically South University, Argosy University (including one campus being taught-out), and all of the "core" Art Institutes school locations (other than The Art Institute of Vancouver) which were not being taught-out.   The DCF Purchase Agreement was amended and restated on February 24, 2017 and further amended on July 20, 2017 and October 13, 2017.  Under the final terms of the DCF Purchase Agreement: (a) There were two closing dates due to a delay in the receipt of regulatory approvals for institutions accredited by The Higher Learning Commission (four locations) and Middle States Commission on Higher Education (two locations including the fully online programs offered by The Art Institute of Pittsburgh), with the first closing occurring on October 17, 2017 and the second closing occurring on January 19, 2018.

7.     During the foregoing process, the Company and its affiliates made sure to protect student interests, spending substantial sums to teach out the underperforming schools and maintain the existence of the other schools through sale.   The Company and its affiliates preserved student records, completed required audits, and made required refunds of Title IV loan funds.

8.     As a result of those efforts, Debtors believe that the vast majority of their former students will not be creditors in their chapter 7 cases.   Nonetheless, Debtors recognize that their former students are likely considered parties in interest entitled to receive notice.  Debtors have therefore compiled the names and addresses of all students who attended a campus operated by Debtors or their affiliates at any time since January 1, 2017.  That list consists of approximately 60,000 names and addresses. Debtors believe that the public disclosure of those names and addresses, without a Court order requiring such disclosure, may violate the Family Educational Rights and Privacy Act, *see* 20 U.S.C. §1232(g) and 34 C.F.R. § 99 *et al*. (collectively, "FERPA").

9.      In light of the number of student names and addresses on the list, the requirements of FERPA and because the student list includes the names and addresses of students who attended campuses operated by affiliates of the Company who have not filed a chapter 7 case, Debtors had prepetition discussions with the Office of the United States Trustee and the Clerk's Office regarding satisfaction of their duties under Bankruptcy Rule 1007(a)(1) and FERPA and how best to avoid duplicate filings and unnecessary expense.  Guided by those conversations, Debtors are listing all 60,000+ student names and addresses on the Company's creditor matrix, which by this Motion they seek to file and maintain under seal.[4]  They are not, at least for the time being, listing those student names and addresses on each creditor matrix filed by the other Debtors.

## **RELIEF REQUESTED**

10.      Debtors seek the entry of an Order authorizing Debtors to file, and the Clerk and/or appointed claims and noticing agent to maintain, the names and addresses of Debtors' former students under seal.

## **BASIS FOR RELIEF REQUESTED**

11.      The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize this Court to limit the disclosure of certain confidential information to protect persons and entities from potential harm.  For example, section 107(c) of the Bankruptcy Code provides, in relevant part, as follows:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

---

[4]      The Company filed a redacted creditor matrix with its petition.  Consistent with its prepetition discussions with the Clerk's Office, the Company does not intend to tender an unredacted creditor matrix at this time.  The Company will wait until the appointment of a claims agent and, if that agent is an entity other than BMC Group, Inc., tender the unredacted matrix to such claims agent or, if no claims agent is appointed, to the Clerk's Office.

#49260635 v1

> (A) Any means of identification . . . contained in a paper filed, or to be
> filed, in a case under this title.

11 U.S.C. § 107(c)(1).

12.     Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may

seek an order protecting the disclosure of confidential information.   Bankruptcy Rule 9018

provides, in relevant part, as follows:

> On motion or on its own initiative, with or without notice, the court may make
> any order which justice requires (1) to protect the estate or any entity in respect of
> a trade secret or other confidential research, development, or commercial
> information . . . or (3) to protect governmental matters that are made confidential
> by statute of regulation.

Fed. R. Bankr. P. 9018.

13.     Local Rule 9018-1(d) sets forth the procedure for filing documents under seal in

the United States Bankruptcy Court for the District of Delaware.   Specifically, Local Rule 9018-

1(d) requires the filing party to, among other things, (i) file a motion to maintain the document

under seal and (ii) file a redacted version of the pleading publicly.

14.     The Court has broad authority to issue a protective order under Bankruptcy Rule

9018.   *See In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) ("When the

requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any

order which justice requires.' The Court notes that the authority goes not just to the protection of

confidential documents, but to other confidentiality restrictions that are warranted in the interests

of justice.").

15.     Local Rule 1007-2(a) requires Debtors to file with their petitions for relief a list

containing the name and complete address of each creditor.   Certain of Debtors' former students

may assert that they are creditors of one or more of Debtors' estates.   In addition, Debtors will be

required to list the names and addresses of students on certain of the schedules and statements

required by Bankruptcy Rule 1007. As a result, Debtors reasonably believe that they may be required to include the names and addresses of their former students on pleadings required in these chapter 7 cases.

16.    FERPA generally prohibits the public disclosure of any information from student education records absent written consent of the applicable student or parent.  *See* 34 C.F.R. 99.30.  However, there are exceptions.  *See* 34 C.F.R. 99.31.  For example, schools can disclose "directory information," which generally includes student names and addresses, provided the school has (a) given the student notice of (i) the types of information it designates as "directory information," (ii) the student's right to refuse to allow the school to designate his/her information as "directory information" and (iii) the period of time within which a student has to notify the school in writing that he or she does not want any or all of those types of information about the student designated as "directory information," and (b) has not received such written notification from the student.  *See* 34 C.F.R. § 99.37; *see also* 34 C.F.R. § 99.3 (defining "directory information").  Schools may also disclose information from student education records if, "the disclosure is to comply with a judicial order or lawfully issued subpoena."  34 C.F.R. § 99.31(a)(9)(i).

17.    Unfortunately, Debtors do not have sufficient records to determine their compliance with the notice provisions of FERPA or which of their former students provided timely written notice of their refusal to consent to the designation of their names and addresses as "directory information."  As a result, Debtors do not believe that they can disclose the names and addresses of students without violating FERPA (at least in the absence of a Court order directing such disclosure). Accordingly, Debtors seek to file and maintain under seal a) those portions of their creditor matrix or matrices containing names and addresses of former students, b)

7

disclosures of student names and addresses in schedules or statements of financial affairs filed in these cases, and c) any pleadings containing the names and addresses of former students. Debtors will file redacted versions of such documents and pleadings.

18.     In addition, Debtors seek authority to share with the trustee appointed in these chapter 7 cases, the U.S. Trustee and the United States Department of Education upon request, unredacted versions of pleadings containing the names and addresses of former students, as those parties may need access to student names and addresses to fulfill their duties.

19.     As recognized by FERPA, public disclosure of student names and addresses could create undue risk of identity theft or other unlawful injury to the former students.  As a result, this Court is authorized by section 107(c)(1) of the Bankruptcy Code and Bankruptcy Rule 9018 to authorize the filing and maintaining under seal of any pleading containing names and addresses of Debtors' former students.

## <u>CONSULTATION WITH U.S. TRUSTEE AND CLERK'S OFFICE</u>

20.     Debtors' counsel discussed this Motion, and the relief requested herein, with the United States Trustee for the District of Delaware on June 19, 2018, and the Office of the Clerk of the Court on June 21, 2018.

[Remainder of page intentionally blank]

#49260635 v1

**WHEREFORE**, Debtors respectfully request entry of an Order granting the relief requested in its entirety and any other relief as is just and proper.


Dated:  June 29, 2018
      Wilmington, Delaware

/s/ Evelyn J. Meltzer
**PEPPER HAMILTON LLP**
David B. Stratton (DE 960)
Evelyn J. Meltzer (DE 4581)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Email: strattond@pepperlaw.com
      meltzere@pepperlaw.com

and

**FAEGRE BAKER DANIELS LLP**
Jay Jaffe
Dustin R. DeNeal
Kayla D. Britton
600 E. 96th Street, Suite 600
Indianapolis, Indiana  46240
Telephone: (317) 569-9600
Email: Jay.Jaffe@FaegreBD.com
     Dustin.DeNeal@FaegreBD.com
     Kayla.Britton@FaegreBD.com

*Counsel for Debtors*

#49260635 v1