## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 18-11494 |
| EDUCATION MANAGEMENT II, LLC, *et al.*[1] | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
### OVERVIEW OF METHODOLOGY AND DISCLAIMERS REGARDING
### DEBTORS' SCHEDULES AND SOFAS

Education Management II, LLC (the "Company") and its affiliated debtors and debtors in possession (collectively, "Debtors") hereby file their respective Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs ("SOFAs") in accordance with section 521 of title 11 of the United States Code ("Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

### Background

A.      Through organic growth and acquisitions, the Company and its affiliated entities became among the largest providers of postsecondary education in North America, operating 110 primary locations across 32 U.S. states and in Canada.  The Company and its affiliated entities' schools were organized into four separate education systems: The Art Institutes; South University; Argosy University; and Brown Mackie Colleges.

B.      Each of the schools located in the United States was recognized by accreditation agencies and by the U.S. Department of Education, enabling students to access federal student loans, grants and other forms of public and private financial aid.

C.      The Company and its affiliates experienced deteriorating results from operations over the last several fiscal years due to the stagnant U.S. economy, the substantial decrease in the availability of private lending sources to fund tuition and fees, the loss of federal and state support for student financial aid, the impact of adverse publicity related to the for profit education industry, student concerns about incurring debt to fund their education, the impact of new regulations, and inability to increase tuition rates, among other factors.  The number of students attending the Company and its affiliated entities' post-secondary institutions contracted

---

[1] Debtors anticipate that the trustee appointed in these chapter 7 cases will seek joint administration of all cases under the Education Management II LLC case.  As a result, Debtors are not separately listing each debtor and case number on this caption.  A listing of all debtors in these cases, and the last four digits of their respective federal tax identification numbers, is attached as Exhibit A to these Global Notes.

from 158,300 students to 112,400 students and net revenues decreased from $2,887.6 million to $1,936.5 million in four years.

D.      In November 2015, the Company entered into settlement agreements with (i) the U.S. Department of Justice, 12 state attorneys general, the District of Columbia and relators resolving four cases filed under federal and state False Claims Acts, and (ii) 39 state attorney generals and the District of Columbia to end state-level investigations into recruiting practices (the "2015 Settlements"). The 2015 Settlements required the Company to pay $95.5 million and forgive approximately $100 million of loans to certain students who attended the Company's institutions between January 1, 2006 and December 31, 2014.

E.      As a result of the 2015 Settlements and continued worsening operating results, the Company undertook a substantial restructuring of its business, starting in late 2015 and early 2016, which included the teach-out[2] of a substantial number of lower performing school locations.  The teach-outs included 19 of the 51 Art Institute locations, 22 of the 26 Brown Mackie College locations and one Argosy University campus.  The Company spent significant sums to teach-out these school locations, including the payment of obligations that otherwise would not have been funded, with the final school teach-outs completed in December 2017.

F.      The Company also engaged an investment advisor to pursue the sale of the school locations that were not being taught-out.  The Company pursued a number of transaction opportunities to maximize the value of its remaining assets and consummated the following sale transactions:

> (i)      On July 1, 2016, the Company sold The Connecting Link II, LLC ("The Connecting Link") to Triad Learning Systems, LLC and Taylor Study Method, LLC for the payment to the Company of $1.7 million.

> (ii)     In January 2017, the Company and/or its affiliates sold assets associated with the Brown Mackie College campuses located in Bettendorf, Iowa; Hopkinsville, Kentucky; and North Canton, Ohio to Ross Education, LLC ("Ross Education") and paid Ross Education $2.0 million in connection with the sale. The purchase price was subject to a final net working capital adjustment, which resulted in an additional amount of $0.1 million due to Ross Education.

> (iii)    On January 31, 2017, the Company sold equity interests in The Art Institute of Vancouver to College LaSalle International Inc. and 1092880 B.C. LTD. (the "AiV Purchasers") for the payment to the Company of $16.0 million, with $2.0 million of the purchase price paid to an escrow established for potential claims by the AiV Purchasers. The purchase price was subject to a post-closing adjustment to the extent working capital at The Art Institute of Vancouver on the closing date was greater than or less than negative $2.3 million, which resulted in $0.5 million due to the AiV Purchasers.

---

[2] By "teach out", Debtors mean that they stopped accepting new students but worked with all existing students to complete their degrees.

(iv)    On January 18, 2017, the Company and certain of its subsidiaries entered into an Asset Purchase Agreement (the "DCF Purchase Agreement") with Dream Center Foundation ("DCF"), a not for profit entity, and certain of its newly formed subsidiaries (collectively with DCF, the "DCF Buyers") for the sale of substantially all of the Company's remaining school locations, specifically South University, Argosy University (including one campus being taught-out), and all of the "core" Art Institutes school locations (other than The Art Institute of Vancouver) which were not being taught-out.  The DCF Purchase Agreement was amended and restated on February 24, 2017 and further amended on July 20, 2017 and October 13, 2017.  Under the final terms of the DCF Purchase Agreement: (a) There were two closing dates due to a delay in the receipt of regulatory approvals for institutions accredited by The Higher Learning Commission (four locations) and Middle States Commission on Higher Education (two locations including the fully online programs offered by The Art Institute of Pittsburgh), with the first closing occurring on October 17, 2017 and the second closing occurring on January 19, 2018.

G.    Pursuant to a Transition Services Agreement executed in connection with the DCF transaction, the DCF Buyers took possession and control of substantially all of the Company and its' affiliates books and records and agreed to provide certain administrative services to the Company and its affiliates as they wound down business affairs.

H.    Since late 2017, the Company and its remaining employees, with the assistance of counsel and advisors and relying upon administrative services provided by the DCF Buyers, have worked to, among other things: (i) complete audits required by the United States Department of Education and state regulators and accrediting agencies; (ii) file tax returns; (iii) manage ongoing litigation; (iv) communicate with creditors; (v) explore wind-down options; and (vi) prepare the filing of these chapter 7 cases, including the Schedules and SOFAs.

I.    Frank Jalufka, who served as CEO of Education Management Corporation and President of each of its subsidiaries since December 2017, has signed each set of Schedules and SOFAs.  Nearly all of the source documents for the information contained in the Schedules and SOFAs have been and continue to be in the possession of the DCF Buyers.  The DCF Buyers have provided information necessary for the completion of the Schedules and SOFAs as requested by the Company under the Transition Services Agreement.  In signing the Schedules and SOFAs, Mr. Jalufka is attesting to the process used by Debtors' remaining personnel and professionals in gathering and presenting data in the Schedules and SOFAs. Mr. Jalufka has not (and could not have) verified the completeness or accuracy of the financial data derived from Debtors' books and records in the possession of the DCF Buyers, including responses, statements and representations concerning assets and liabilities of Debtors presented in the Schedules and SOFAs.

J.    Mr. Jalufka, Debtors and their respective agents, employees, attorneys and advisors involved in the compilation and preparation of the Schedules and SOFAs ("Compilers") do not guarantee or warrant the accuracy or completeness of the data, responses, statements, and representations that are provided in the Schedules and SOFAs, and none of the foregoing shall be

liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and SOFAs. While commercially reasonable efforts have been made to provide accurate and complete information in the Schedules and Statements, inadvertent errors or omissions may exist. The Compilers expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and SOFAs, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event will the Compilers be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Compilers are advised of the possibility of such damages.

K.      In light of the foregoing, the Schedules and SOFAs are limited and must be read in connection with, and informed by, the following Global Notes and Statement of Limitations, Overview of Methodology and Disclaimers Regarding Debtors' Schedules and SOFAs ("Global Notes"), which are incorporated by reference in, and comprise an integral part of, the Schedules and SOFAs.

<u>**Global Notes and Statement of Limitations**</u>

1.      **Joint Administration**. Because of the overlapping issues and creditors in Debtors' chapter 7 cases, Debtors expect that the trustee appointed in these chapter 7 cases will seek joint administration of Debtors' chapter 7 cases. Notwithstanding the expected joint administration of the chapter 7 cases for procedural purposes, each Debtor has filed its own Schedules and SOFA. The Compilers have endeavored to present information in the Schedules and SOFAs as of the Petition Date but has not been able to do so consistently throughout. The Compilers have endeavored to note those circumstances where information is not as of the Petition Date.

2.      **Global Notes Control**. These Global Notes pertain to and comprise an integral part of all of the Schedules and SOFAs and should be referenced in connection with any review thereof. In the event that the Schedules and SOFAs differ from these Global Notes, the Global Notes control.

3.      **Reservations and Limitations**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and SOFAs; however, as noted above, inadvertent errors or omissions may exist. Debtors reserve all rights to amend or supplement the Schedules and SOFAs as is necessary and appropriate. Nothing contained in the Schedules and SOFAs constitutes a waiver of any of Debtors' rights or an admission of any kind with respect to the chapter 7 cases or otherwise, including, but not limited to, any rights or claims of Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

4.     **No Admission**. Nothing contained in the Schedules and SOFAs is intended or should be construed as an admission or stipulation of the validity of any claim against Debtors, any assertion made therein or herein, or a waiver of Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

5.     **Recharacterization**. Notwithstanding that Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs, Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFAs at a later time as is necessary and appropriate.

6.     **Classifications**. Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E as "priority," (iii) a claim on Schedule F as "unsecured," or (iv) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by Debtors of the legal rights of the claimant, or a waiver of Debtors' right to recharacterize or reclassify such claim or contract.

7.     **Claims Description**. Due to the circumstances surrounding the filing of the chapter 7 cases, Debtors have been unable to verify the validity and amounts of many creditors' claims, or the creditor claims reflected in the Debtors' books do not include unprocessed claims, either because processing of invoices was not completed or the Debtors had yet to receive invoices for goods and services. As a result, Debtors have labeled many claims as disputed, liquidated and/or contingent on the Schedules. Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the debtor that such amount is not "disputed," "contingent," or "unliquidated." Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim ("Claim") reflected on their respective Schedules on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Moreover, listing a Claim does not constitute an admission of liability by a debtor against which the Claim is listed or by any of Debtors. Debtors reserve all rights to amend their Schedules and SOFAs as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

8.     **Estimates and Assumptions**. The preparation of the Schedules and SOFAs required Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and SOFAs, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from those estimates.

9.     **Causes of Action**. Despite reasonable efforts, Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and SOFAs, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. Debtors reserve all rights with respect to any causes of action,

and nothing in these Global Notes or the Schedules and SOFAs should be construed as a waiver of any such causes of action.

10.    **Insiders**. Where the Schedules and Statements require information regarding "insiders," Debtors have included information with respect to individuals who served as officers and directors (or the equivalent), as the case may be, during relevant time periods. Such individuals no longer serve as an officer or director of Debtors.  The listing of a party as an insider for purposes of the Schedules and SOFAs is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, right, claim, or defense, and all such rights, claims and defenses are hereby expressly reserved.  Information regarding the individuals listed as "insiders" in the Schedules and SOFAs has been included for informational purposes only and such information may not be used for the purposes of determining control of Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over Debtors, or whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

### Overview of Methodology and Disclaimers

1.    **Basis of Presentation**. For financial reporting purposes, Debtors and their affiliates prepare consolidated financial statements that are audited annually. Unlike the consolidated financial statements, these Schedules and SOFAs reflect the separate assets and liabilities of each individual debtor. These Schedules and SOFAs do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP").  The Schedules and SOFAs contain unaudited information that is subject to further review and potential adjustment.  The Schedules and SOFAs reflect the Compilers' reasonable efforts to report the assets and liabilities of each debtor on an unconsolidated basis.

2.    **Undetermined Amounts**.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

3.    **Totals**.  All totals that are included in the Schedules and SOFAs represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

4.    **Intercompany Transactions**. As with most corporate enterprises of significant size and complexity, Debtors operated a consolidated cash management system prior to the Petition Date, which resulted in intercompany accounts payable and accounts receivable. However, Debtors historically reported all financials on a consolidated basis.  Intercompany payables and receivables were historically "trued up" at the end of each fiscal year to account for and allocate administrative and enterprise expenses to the proper party, but due to the consolidated reporting structure and the several hundred million in intercompany and intracompany transfers during any given year, that "true-up" could be materially misstated in any given year.  Debtors have not done a "true up" since the fiscal year ending June 30, 2017 and do not have the resources to separate out intercompany obligations from the consolidated reporting

structure at this time.  As a result, Debtors' schedules do not list intercompany payables and receivables.  Regardless of the foregoing, Debtors do not believe that any intercompany obligations have any realizable value.

5.    **Setoffs**. Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes, including but not limited to, intercompany transactions, rebates, returns, refunds, negotiations, or application of prepayments or deposits. It would be unduly burdensome on Debtors' limited resources to list each such potential transaction, and all such potential setoff claims cannot be reasonably discerned at this time. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Schedules and SOFAs. In addition, some amounts listed in the Schedules and SOFAs may have been affected by setoffs or nettings by third parties of which Debtors were not aware. Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

<u>**Specific Schedules Disclosures**</u>

1.    **Schedule A/B, Question 3.**    Historically, Debtors and their affiliates maintained more than four hundred bank accounts, the majority of which were zero balance deposit accounts that were swept daily into concentration accounts.  Debtors, with assistance from treasury services of the DCF Buyers, have worked over the last several months to close all but a handful of those accounts.  Debtors believe that they have disclosed all remaining open accounts in response to question 3 on the respective Schedules.  However, certain accounts may still be open for which Debtors lack knowledge.

2.    **Schedule A/B, Questions 6, 7 and 8.**    Debtors historically made prepayments in the ordinary course of business for utilities, taxes, rent, and other ordinary course supplies. Despite reasonable diligence, Debtors have been unable to identify any prepayments or deposits that remain unapplied.  Further, in the weeks leading up to the filing of these cases, Debtors made several deposits and/or prepayments for professional services.  Debtors have not disclosed those prepayments or deposits in response to questions 6 through 8 on the Schedules because those prepayments and deposits will be disclosed in the SOFAs or other Court pleadings.

3.    **Schedule A/B, Questions 10-12.**    As discussed above, Debtors have not trued up intercompany accounts payable/receivable since the fiscal year ending June 30, 2017.  As a result, and because Debtors believe that any such intercompany accounts receivable have no realizable value, Debtors have not listed any accounts receivable in response to questions 10 through 12 on the Schedules.

4.    **Schedule D – Creditors Holding Secured Claims**.  Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Except as otherwise agreed with a party asserting a secured claim or pursuant to an order of the Bankruptcy Court, Debtors reserve the right to dispute or challenge the validity, perfection or priority of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D.  The descriptions provided on Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is

necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in any Schedule D shall be deemed a modification, interpretation, or waiver of the terms of any such agreements.

5.      **Schedule E – Creditors Holding Unsecured Priority Claims**.  Debtors believe that they have paid all employee claims and all claims of taxing authorities through December 2017.  Debtors have attempted to schedule the claims of taxing authorities of which they are aware, but there may be tax claims arising prior to the Petition Date which have not yet been assessed or payable by Debtors.

6.      **Schedule F – Creditors Holding Unsecured Nonpriority Claims**.  As of the time of filing of the Schedules and SOFAs, Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date.  Accordingly, the information contained in Schedule F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedule F if and as they receive invoices and as more information is received.  Further, Debtors have scheduled landlord claims in the amounts allowable under 11 U.S.C. § 502(b)(6), calculated from the date that a respective debtor surrendered possession of the leased premises.

7.      **Schedule G – Executory Contracts**. While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

## Specific SOFAs Disclosures

1.      **Questions 1 and 2.** Debtors generally report income on a consolidated basis.  As a result, gross income reported in response to question 1 on the SOFAs may be materially misstated.

2.      **Question 3**.  Prior to the Petition Date, Debtors maintained a centralized cash management system through which the Company and certain other "paymaster" entities made payments on behalf of subsidiaries.  Consequently, all payments to creditors and insiders listed in response to Questions 3b and 3c on each of the SOFAs likely reflect transfers made by the Company or another paymaster entity for the benefit of a respective Debtor.  Debtors have attempted to tie each transfer to the respective Debtor on whose account it was made but do not warrant or guarantee the accuracy of such listings.

3.      **Question 4.**  In response to question 4 on the SOFAs, Debtors restate and incorporate by reference the disclaimer listed under paragraph 10 of the Global Notes and Statement of Limitations above.

4.      **Question 5.**  On June 25, 2018, at the request of US Bank National Association (the "Agent") as Administrative Agent for the "Lenders" and Collateral Agent for the "Secured Parties" (each as defined in a Credit and Guaranty Agreement and a Pledge and Security

Agreement, each dated as of January 5, 2015 and as each have been amended from time to time), the Company, Education Management Corporation ("Parent"), Education Management Holdings II, LLC ("Holdings"), and certain debtor and non-debtor subsidiaries of Holdings (together with Company, Parent, and Holdings, the "Credit Parties") entered into a Surrender of Collateral, Consent to Partial Strict Foreclosure, and Release Agreement (UCC 9-620) (the "PSFA"), pursuant to which the Credit Parties surrendered to  Agent peaceful possession, right, title and interest in and to certain "Surrendered Collateral", defined and described in Exhibit 1 to the PSFA. The Exhibit defining and describing the Surrendered Collateral is attached to the SOFAs as schedule 2.5.

5.    **Question 7.**  Debtors have listed all legal actions and administrative proceedings of which they have knowledge, but there may be other actions that have been filed against Debtors of which Debtors have not, as of the Petition Date, received notice.  Further, Debtors' description of the nature or status of each proceeding may be incorrect or incomplete.  Such descriptions do not constitute an admission as to any facts in such proceedings or a waiver of Debtors' rights with respect thereto.

6.    **Question 18.**  See disclosure 1 in the Specific Schedules Disclosures section above.

7.    **Question 26d.**  Debtors have not listed every person to whom they have issued financial statements within two years of the Petition Date, as that list would number in the hundreds if not thousands.  Debtors routinely, in the ordinary course of their businesses, provided financial and other statements to: (i) the United States Department of Education; (ii) accrediting agencies; (iii) state attorneys general and regulatory agencies; (iv) lenders to and investors in Debtors and affiliates; (v) auditors listed in response to questions 26a through c; (vi) actual and potential purchasers of assets, business lines and campus locations; (vii) various credit card processors; (viii) existing and prospective insurers; (ix) insurance brokers; (x) surety underwriters and surety brokers; (xi) third party educational lenders and collection agencies; (xii) landlords; (xiii) litigation counterparties; and (xiv) various vendors.

8.    **Questions 28 and 29**.  The individuals listed in response to questions 28 and 29 no longer serve as an officer or director of Debtors.  The listing of a party as an officer or director for purposes of the Schedules and SOFAs is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, right, claim, or defense, and all such rights, claims and defenses are hereby expressly reserved.  The individuals have been included for informational purposes only and such information may not be used for the purposes of determining control of Debtors or the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over Debtors.

Dated:  July 2, 2018
       Wilmington, Delaware        */s/ Evelyn J. Meltzer*

**PEPPER HAMILTON LLP**
David B. Stratton (DE 960)
Evelyn J. Meltzer (DE 4581)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Telephone: (302) 777-6500
Email: strattond@pepperlaw.com
        meltzere@pepperlaw.com

and

**FAEGRE BAKER DANIELS LLP**
Jay Jaffe
Dustin R. DeNeal
Kayla D. Britton
600 E. 96th Street, Suite 600
Indianapolis, Indiana  46240
Telephone: (317) 569-9600
Email: Jay.Jaffe@FaegreBD.com
        Dustin.DeNeal@FaegreBD.com
        Kayla.Britton@FaegreBD.com

*Counsel for Debtors*

**EXHIBIT A**

|    | Debtor | FEIN |
|----|--------|------|
| 1  | Education Management II LLC | 47-2042661 |
| 2  | American Education Centers, Inc. | 23-2726160 |
| 3  | Argosy Education Group, Inc. | 36-2855674 |
| 4  | Argosy University of California LLC | 27-1651273 |
| 5  | Brown Mackie College - Tucson, Inc. | 86-026-4601 |
| 6  | Education Finance III LLC | 47-2192533 |
| 7  | Education Management Corporation | 25-1119571 |
| 8  | Education Management Holdings II LLC | 47-2042529 |
| 9  | Education Management LLC | 20-4506022 |
| 10 | Higher Education Services II LLC | 47-2203436 |
| 11 | Miami International University of Art & Design, Inc. | 58-2641065 |
| 12 | South Education – Texas LLC | 27-2192573 |
| 13 | South University of Alabama, Inc. | 63-0314610 |
| 14 | South University of Carolina, Inc. | 58-2338201 |
| 15 | South University of Florida, Inc. | 75-3009226 |
| 16 | South University of Michigan, LLC | 27-3966655 |
| 17 | South University of North Carolina LLC | 26-1569113 |
| 18 | South University of Ohio LLC | 45-0949944 |
| 19 | South University of Virginia, Inc. | 26-1569263 |
| 20 | South University Research II LLC | 47-2323744 |
| 21 | South University, LLC | 58-1147090 |
| 22 | Stautzenberger College Education Corporation | 23-2914675 |
| 23 | TAIC-San Diego, Inc. | 95-3791894 |
| 24 | TAIC-San Francisco, Inc. | 95-3789487 |
| 25 | The Art Institutes International Minnesota, Inc. | 25-1796999 |
| 26 | The Art Institute of Atlanta, LLC | 58-0671597 |
| 27 | The Art Institute of Austin, Inc. | 26-1173626 |
| 28 | The Art Institute of California-Hollywood, Inc. | 22-3863289 |
| 29 | The Art Institute of California-Inland Empire, Inc. | 20-2316775 |

| 30 | The Art Institute of California - Los Angeles, Inc. | 25-1364215 |
| 31 | The Art Institute of California-Orange County, Inc. | 52-2136608 |
| 32 | The Art Institute of California-Sacramento, Inc. | 20-5076212 |
| 33 | The Art Institute of Charleston, Inc. | 20-5076048 |
| 34 | The Art Institute of Charlotte, LLC | 56-1024912 |
| 35 | The Art Institute of Colorado, Inc. | 84-0703062 |
| 36 | The Art Institute of Dallas, Inc. | 75-1589012 |
| 37 | The Art Institute of Fort Lauderdale, Inc. | 59-1500255 |
| 38 | The Art Institute of Houston, Inc. | 75-1589015 |
| 39 | The Art Institute of Indianapolis, LLC | 25-1586913 |
| 40 | The Art Institute of Las Vegas, Inc. | 88-0256362 |
| 41 | The Art Institute of Michigan, Inc. | 20-5218614 |
| 42 | The Art Institute of Philadelphia LLC | 26-4467396 |
| 43 | The Art Institute of Pittsburgh LLC | 26-4467441 |
| 44 | The Art Institute of Portland, Inc. | 52-2082215 |
| 45 | The Art Institute of Raleigh-Durham, Inc. | 26-1388031 |
| 46 | The Art Institute of St. Louis, Inc. | 80-0449555 |
| 47 | The Art Institute of San Antonio, Inc. | 26-4104394 |
| 48 | The Art Institute of Seattle, Inc. | 52-1209614 |
| 49 | The Art Institute of Tampa, Inc. | 01-0746822 |
| 50 | The Art Institute of Tennessee-Nashville, Inc. | 20-1705359 |
| 51 | The Art Institute of Virginia Beach LLC | 26-2242784 |
| 52 | The Art Institute of Washington, Inc. | 52-1117043 |
| 53 | The Art Institutes International II LLC | 47-2179270 |
| 54 | The Illinois Institute of Art at Schaumburg, Inc. | 36-4043502 |
| 55 | The Illinois Institute of Art, Inc. | 36-4043500 |
| 56 | The Institute of Post-Secondary Education, Inc. | 25-1360283 |
| 57 | The New England Institute of Art, LLC | 04-2987798 |
| 58 | The University of Sarasota, Inc. | 59-3335558 |
| 59 | Western State University of Southern California | 95-2313875 |

**Fill in this information to identify the case:**

Debtor name  Higher Education Services II LLC _____

United States Bankruptcy Court for the: _____ District of  Delaware
                                                                                        (State)

Case number (If known):    18-11503 _____

☐ Check if this is an
   amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals          **12/15**

---

**Part 1:    Summary of Assets**

---

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* .................................................................

   | | |
   |---|---|
   | $ | 0.00 |
   | | Plus Unknown |

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*..................................................................

   | | |
   |---|---|
   | $ | 0.00 |
   | | Plus Unknown |

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* ...................................................................

   | | |
   |---|---|
   | $ | 0.00 |
   | | Plus Unknown |

---

**Part 2:    Summary of Liabilities**

---

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...............................................

   | | |
   |---|---|
   | $ | 566,890,806.29 |
   | | Plus Unknown |

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F* .......................................

   | | |
   |---|---|
   | $ | 0.00 |
   | | Plus Unknown |

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* .........................................

   | | |
   |---|---|
   | **+** $ | 0.00 |
   | | Plus Unknown |

4. **Total liabilities**...................................................................................................
   Lines 2 + 3a + 3b

   | | |
   |---|---|
   | $ | 566,890,806.29 |
   | | Plus Unknown |

**Fill in this information to identify the case:**

Debtor name ___Higher Education Services II LLC_____

United States Bankruptcy Court for the:_____ District of ___Delaware___
                                                                                    (State)

Case number (If known): ___18-11503_____

☐ Check if this is an
    amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.
   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**                                                                              $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
   |---|---|---|---|
   | 3.1. _____ | _____ | ____ ____ ____ ____ | $_____ |
   | 3.2. _____ | _____ | ____ ____ ____ ____ | $_____ |

4. **Other cash equivalents** *(Identify all)*

   | 4.1. _____ | $_____ |
   |---|---|
   | 4.2. _____ | $_____ |

5. **Total of Part 1**                                                                           $_____

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

### Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   | 7.1. __See Global Notes_____ | $_____ |
   |---|---|
   | 7.2._____ | $_____ |

Debtor    Higher Education Services II LLC
_____
Name

Case number (if known) 18-11503
_____

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1._____    $_____

8.2._____    $_____

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.    | $_____ |

## Part 3:    Accounts receivable

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

Current value of debtor's interest

11. **Accounts receivable**

11a. 90 days old or less:    _____ – _____ = ........ ➔    $_____
face amount                      doubtful or uncollectible accounts

11b. Over 90 days old:    _____ – _____ = ........ ➔    $_____
face amount                      doubtful or uncollectible accounts

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.    | $_____ |

## Part 4:    Investments

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| 14. **Mutual funds or publicly traded stocks not included in Part 1** | | |
| Name of fund or stock: | | |
| 14.1. _____ | _____ | $_____ |
| 14.2. _____ | _____ | $_____ |
| 15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture** | | |
| Name of entity:                                   % of ownership: | | |
| 15.1._____ _____% | _____ | $_____ |
| 15.2._____ _____% | _____ | $_____ |
| 16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
| Describe: | | |
| 16.1. _____ | _____ | $_____ |
| 16.2. _____ | _____ | $_____ |

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.    | $_____ |

Debtor    Higher Education Services II LLC
_____          Case number *(if known)*  18-11503
         Name

---

**Part 5:**    **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

24. **Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes. Book value _____    Valuation method_____    Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

---

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment**  (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

---

Debtor     Higher Education Services II LLC
      Name

Case number *(if known)* 18-11503

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor    Higher Education Services II LLC _____    Case number *(if known)* __18-11503_____
_____Name_____

---

| **Part 8:** | **Machinery, equipment, and vehicles** |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47.  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |
| 48.  **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |
| 49.  **Aircraft and accessories** | | | |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |
| 50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor    Higher Education Services II LLC                                        Case number *(if known)* 18-11503
_____
          Name

---

## Part 9:    Real property

54. **Does the debtor own or lease any real property?**

   ☑ No. Go to Part 10.

   ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $_____ | _____ | $_____ |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

   Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

   $_____

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

   ☐ No

   ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

---

## Part 10:    Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ☐ No. Go to Part 11.

   ☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** None | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites** None | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties** None | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations** Student Records | $_____ | _____ | $_____0.00 |
| 64. **Other intangibles, or intellectual property** None | $_____ | _____ | $_____ |
| 65. **Goodwill** None | $_____ | _____ | $_____ |

66. **Total of Part 10.**

   Add lines 60 through 65. Copy the total to line 89.

   $_____0.00

Debtor      Higher Education Services II LLC _____      Case number *(if known)* __18-11503_____
            Name

---

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No
☑ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

## Part 11:  All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

71. **Notes receivable**

Description (include name of obligor)

_None_____      _____  –  _____  = ➡  $_____
                                     Total face amount    doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_None_____      Tax year _____  $_____
_____      Tax year _____  $_____
_____      Tax year _____  $_____

73. **Interests in insurance policies or annuities**

_None_____      $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_See attached_____      $_____Unknown

**Nature of claim**      _____
**Amount requested**      $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_None_____      $_____

**Nature of claim**      _____
**Amount requested**      $_____

76. **Trusts, equitable or future interests in property**

_None_____      $_____

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

_None_____      $_____

_____      $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.      $_____Unknown

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

---

**Higher Education Services II LLC**                         **Case Number: 18-11503**

| Part 11: | Schedule A/B:  Assets - Real and Personal Property |
|---|---|

All other assets

74.  Causes of action against third parties (whether or not a lawsuit has been filed)

| Description and Nature of claim | Amount requested | Current value of debtor's interest |
|---|---|---|
| 74.1  Potential claims against Dream Center Education Holdings LLC and/or related entities arising under or as a result of an asset purchase agreement entered into by and between debtor, related entities, Dream Center Education Holdings LLC and related entities. | | unknown |

**TOTAL** unknown

Debtor  Higher Education Services II LLC
_____
Name

Case number *(if known)*  18-11503
_____

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $_____ | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $_____ | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $_____ | |
| 83. **Investments.** *Copy line 17, Part 4.* | $_____ | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $_____ | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $_____ | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $_____ | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $_____ | |
| 88. **Real property.** *Copy line 56, Part 9.* . ................................................ ➔ | | $_____ |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $_____0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $_____Unknown | |
| 91. **Total.** Add lines 80 through 90 for each column. ..........................91a. | $ 0.00 + unknown | + 91b. $_____ |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ...................................................... $___0.00 + unknown

**Fill in this information to identify the case:**

Debtor name __Higher Education Services II, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (If known): __18-11503__

Official Form 206D

☐ Check if this is an amended filing

# Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:** List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.**

If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A | Column B |
|---|---|---|---|
| | | **Amount of Claim**<br>Do not deduct the value | **Value of collateral that supports this claim** |

**2.1**

**s2194**

Creditor's name

**US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT**

Creditor's Mailing Address

**214 N TRYON STREET 26TH FLOOR**
**CHARLOTTE, NC  28202**

Creditor's email address, if known

Date debt was incurred

**January 5, 2015**

Last 4 digits of account number

**Unknown**

Do multiple creditors have an interest in the same property?

☑ No

☐ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines _____

Describe debtor's property that is subject to a lien

**Substantially all assets**

Describe the lien

**VOLUNTARY SECURITY INTEREST GRANTED PURSUANT TO CREDIT AGREEMENT AND RELATED DOCUMENTS**

Is the creditor an insider or related party?

☑ No
☐ Yes

Is anyone else liable on this claim?

☐ No.
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:

Check all that apply.

☐ Contingent
☑ Unliquidated
☐ Disputed

Amount of Claim: **$566,890,806.29**

Value of collateral: **UNKNOWN**

Name                                                          Case Number (if known)

---

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **ALLEN & OVERY LLP**<br>**ATTN: JUDAH FROGEL**<br>**1221 AVENUE OF THE AMERICAS**<br>**NEW YORK, NY 10020** | s2194 | |
| **MORRISON & FOERSTER LLP**<br>**ATTN: GARY LEE**<br>**250 WEST 55TH STREET**<br>**NEW YORK, NY 10019-9601** | s2194 | |
| **WINSTON & STRAWN, LLP**<br>**ATTN: BART PISELLA**<br>**200 PARK AVENUE**<br>**NEW YORK, NY 10166-4193** | s2194 | |

---

Debtor    **Higher Education Services II, LLC**                                    18-11503
                    Name                                                    Case Number (if known)

| Part 3: | Total Amounts of the Claims Secured by Property |

| | **Total of Claim Amounts** |
| --- | --- |
| **3a. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    **3a.** | **$566,890,806.29** |

Official Form 206D                **Schedule D: Creditors Who Have Claims Secured by Property**                page 3 of 3

**Fill in this information to identify the case:**

Debtor name   **Higher Education Services II, LLC**

United States Bankruptcy Court for the: _____ District of  **Delaware**

                                                   (State)

Case number (If known):   **18-11503**

☐ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:   All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?**

☑ No. Go to Part 2
☐ Yes

| | | Total Claim | Priority Amount |
|---|---|---|---|

**2.** Priority creditor's name and mailing address

As of the petition filing date, the claim is:

Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (_____)

Is the claim subject to offset?

☐ No
☐ Yes

**Higher Education Services II, LLC**

Debtor Name

18-11503

Case Number (if known)

**Part 2:** All Creditors with NONPRIORITY Unsecured Claims

**3. Do any creditors have nonpriority unsecured claims?**

☑ No.

☐ Yes

**Amount of Claim**

| | |
|---|---|
| **3.1** **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** |
| | Check all that apply. |
| | ☐ Contingent |
| | ☐ Unliquidated |
| | ☐ Disputed |
| **Date or dates debt was incurred** | **Basis for the claim:** |
| **Last 4 digits of account number** | **Is the claim subject to offset?** |
| | ☐ No |
| | ☐ Yes |

**Higher Education Services II, LLC**

Debtor Name

| Part 3: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for claims already listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 or Part 2 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|

**Higher Education Services II, LLC**

Debtor Name

18-11503

Case Number (if known)

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  | Total of Claim Amounts |
|---|---|

**5a. Total Claims from Part 1**      5a.      $0.00

**5b. Total Claims from Part 2**      5b.    +    $0.00

**5c. Total of Parts 1 and 2**      5c.      $0.00
   Lines 5a + 5b = 5c.

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | Higher Education Services II, LLC | |
| United States Bankruptcy Court for the: | District of | Delaware |
| | | (State of) |
| Case Number (if known): 18-11503 | Chapter | 7 |

☐ Check if this is an amended filing

## Official Form 206G

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES                12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2. 1 | State what the contract or lease is for and the nature of the debtor's interest | TRANSITION SERVICES AGREEMENT | DREAM CENTER EDUCATION HOLDINGS, LLC, DREAM CENTER EDUCATION MANAGEMENT LLC AND THE DREAM CENTER FOUNDATION C/O RANDY BARTON, ESQ. DREAM CENTER EDUCATION HOLDINGS, LLC 1400 PENN AVENUE PITTSBURGH, PA  15222 |
| | State the term remaining | | |
| | List the contract number of any government contract | | ADDITIONAL NOTICE PARTY: DREAM CENTER EDUCATION HOLDINGS, LLC ATTN: LAW DEPARTMENT 1400 PENN AVENUE PITTSBURGH, PA 15222 |

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Higher Education Services II, LLC** |
| United States Bankruptcy Court for the: | **District of** **Delaware** |
| | **(State of)** |
| Case Number (if known): **18-11503** | **Chapter** **7** |

☐ **Check if this is an amended filing**

## Official Form 206H

## SCHEDULE H - CODEBTORS                                                   12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No   Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.**

| | Column 1: Codebtor<br>Name and Mailing Address | Column 2: Creditor<br>Name | Check all schedules<br>that apply: |
|---|---|---|---|
| 2.1 | AICA-IE RESTAURANT, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.2 | AID RESTAURANT, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.3 | AIH RESTAURANT, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.4 | AIIM RESTAURANT, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.5 | AIIN RESTAURANT LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.6 | AIT RESTAURANT, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |

| Debtor | Higher Education Services II, LLC | Case Number (if known): | 18-11503 |
|---|---|---|---|
| | Name | | |

## Additional Page to List More Codebtors

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
|---|---|---|---|
| 2.7 | AITN RESTAURANT, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.8 | AMERICAN EDUCATION CENTERS, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.9 | ARGOSY EDUCATION GROUP, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.10 | ARGOSY UNIVERSITY OF CALIFORNIA LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.11 | BMC REAL PROPERTY HOLDINGS LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.12 | BROWN MACKIE COLLEGE - ALBUQUERQUE LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.13 | BROWN MACKIE COLLEGE - BIRMINGHAM LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.14 | BROWN MACKIE COLLEGE - BOISE, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.15 | BROWN MACKIE COLLEGE - DALLAS/FT. WORTH LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.16 | BROWN MACKIE COLLEGE - GREENVILLE, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |

| Debtor | Higher Education Services II, LLC | Case Number (if known): | 18-11503 |
| --- | --- | --- | --- |
| | Name | | |

## Additional Page to List More Codebtors

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
| --- | --- | --- | --- |
| 2.17 | BROWN MACKIE COLLEGE - INDIANAPOLIS, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.18 | BROWN MACKIE COLLEGE - KANSAS CITY LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.19 | BROWN MACKIE COLLEGE - MIAMI NORTH LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.20 | BROWN MACKIE COLLEGE - MIAMI, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.21 | BROWN MACKIE COLLEGE - OKLAHOMA CITY LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.22 | BROWN MACKIE COLLEGE - PHOENIX, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.23 | BROWN MACKIE COLLEGE - SALINA LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.24 | BROWN MACKIE COLLEGE - SAN ANTONIO LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.25 | BROWN MACKIE COLLEGE - ST. LOUIS, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.26 | BROWN MACKIE COLLEGE - TUCSON, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |

| Debtor | Higher Education Services II, LLC | Case Number (if known): | 18-11503 |
|---|---|---|---|
| | Name | | |

## Additional Page to List More Codebtors

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
|---|---|---|---|
| 2.27 | BROWN MACKIE COLLEGE - TULSA, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194) ☐ E/F ☐ G |
| 2.28 | BROWN MACKIE EDUCATION CORPORATION 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194) ☐ E/F ☐ G |
| 2.29 | BROWN MACKIE EDUCATION II LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194) ☐ E/F ☐ G |
| 2.30 | EDMC EDU-PAC, THE EDUCATION MANAGEMENT CORPORATION EMPLOYEE POLITICAL ACTION COMMITTEE, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194) ☐ E/F ☐ G |
| 2.31 | EDMC MARKETING AND ADVERTISING, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194) ☐ E/F ☐ G |
| 2.32 | EDUCATION FINANCE II LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194) ☐ E/F ☐ G |
| 2.33 | EDUCATION FINANCE III LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194) ☐ E/F ☐ G |
| 2.34 | EDUCATION MANAGEMENT CORPORATION 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194) ☐ E/F ☐ G |
| 2.35 | EDUCATION MANAGEMENT ESCROW LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194) ☐ E/F ☐ G |
| 2.36 | EDUCATION MANAGEMENT FINANCE CORPORATION 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194) ☐ E/F ☐ G |

| Debtor | Higher Education Services II, LLC | Case Number (if known): | 18-11503 |
| | Name | | |

## Additional Page to List More Codebtors

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
|---|---|---|---|
| 2.37 | EDUCATION MANAGEMENT HOLDINGS II LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.38 | EDUCATION MANAGEMENT HOLDINGS LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.39 | EDUCATION MANAGEMENT II LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.40 | EDUCATION MANAGEMENT LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.41 | HIGHER EDUCATION SERVICES, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.42 | MIAMI INTERNATIONAL UNIVERSITY OF ART & DESIGN, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.43 | MICHIANA COLLEGE EDUCATION CORPORATION<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.44 | SOUTH EDUCATION - TEXAS LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.45 | SOUTH UNIVERSITY OF ALABAMA, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.46 | SOUTH UNIVERSITY OF ARKANSAS LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |

| Debtor | Higher Education Services II, LLC | Case Number (if known): | 18-11503 |
| | Name | | |

<table>
<tr><td colspan="4">■ <b>Additional Page to List More Codebtors</b></td></tr>
<tr>
<th>Column 1: Codebtor<br>Name and Mailing Address</th>
<th>Column 2: Creditor<br>Name</th>
<th>Check all schedules<br>that apply:</th>
</tr>
<tr>
<td>2.47</td>
<td>SOUTH UNIVERSITY OF CAROLINA, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA 15222-2603</td>
<td>US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT</td>
<td>☑ D (s2194)<br>☐ E/F<br>☐ G</td>
</tr>
<tr>
<td>2.48</td>
<td>SOUTH UNIVERSITY OF FLORIDA, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA 15222-2603</td>
<td>US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT</td>
<td>☑ D (s2194)<br>☐ E/F<br>☐ G</td>
</tr>
<tr>
<td>2.49</td>
<td>SOUTH UNIVERSITY OF MICHIGAN, LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA 15222-2603</td>
<td>US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT</td>
<td>☑ D (s2194)<br>☐ E/F<br>☐ G</td>
</tr>
<tr>
<td>2.50</td>
<td>SOUTH UNIVERSITY OF NORTH CAROLINA LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA 15222-2603</td>
<td>US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT</td>
<td>☑ D (s2194)<br>☐ E/F<br>☐ G</td>
</tr>
<tr>
<td>2.51</td>
<td>SOUTH UNIVERSITY OF OHIO LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA 15222-2603</td>
<td>US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT</td>
<td>☑ D (s2194)<br>☐ E/F<br>☐ G</td>
</tr>
<tr>
<td>2.52</td>
<td>SOUTH UNIVERSITY OF TENNESSEE, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA 15222-2603</td>
<td>US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT</td>
<td>☑ D (s2194)<br>☐ E/F<br>☐ G</td>
</tr>
<tr>
<td>2.53</td>
<td>SOUTH UNIVERSITY OF VIRGINIA, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA 15222-2603</td>
<td>US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT</td>
<td>☑ D (s2194)<br>☐ E/F<br>☐ G</td>
</tr>
<tr>
<td>2.54</td>
<td>SOUTH UNIVERSITY RESEARCH CORPORATION<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA 15222-2603</td>
<td>US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT</td>
<td>☑ D (s2194)<br>☐ E/F<br>☐ G</td>
</tr>
<tr>
<td>2.55</td>
<td>SOUTH UNIVERSITY RESEARCH II LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA 15222-2603</td>
<td>US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT</td>
<td>☑ D (s2194)<br>☐ E/F<br>☐ G</td>
</tr>
<tr>
<td>2.56</td>
<td>SOUTH UNIVERSITY, LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA 15222-2603</td>
<td>US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT</td>
<td>☑ D (s2194)<br>☐ E/F<br>☐ G</td>
</tr>
</table>

| Debtor | Higher Education Services II, LLC | Case Number (if known): | 18-11503 |
| | Name | | |

### Additional Page to List More Codebtors

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
|---|---|---|---|
| 2.57 | SOUTHERN OHIO COLLEGE LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194)<br>☐ E/F<br>☐ G |
| 2.58 | STAUTZENBERGER COLLEGE EDUCATION CORPORATION<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194)<br>☐ E/F<br>☐ G |
| 2.59 | TAIC-SAN DIEGO, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194)<br>☐ E/F<br>☐ G |
| 2.60 | TAIC-SAN FRANCISCO, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194)<br>☐ E/F<br>☐ G |
| 2.61 | THE ART INSTITUTE OF ATLANTA, LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194)<br>☐ E/F<br>☐ G |
| 2.62 | THE ART INSTITUTE OF AUSTIN, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194)<br>☐ E/F<br>☐ G |
| 2.63 | THE ART INSTITUTE OF CALIFORNIA - LOS ANGELES, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194)<br>☐ E/F<br>☐ G |
| 2.64 | THE ART INSTITUTE OF CALIFORNIA - SILICON VALLEY, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194)<br>☐ E/F<br>☐ G |
| 2.65 | THE ART INSTITUTE OF CALIFORNIA-HOLLYWOOD, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194)<br>☐ E/F<br>☐ G |
| 2.66 | THE ART INSTITUTE OF CALIFORNIA-INLAND EMPIRE, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D  (s2194)<br>☐ E/F<br>☐ G |

| Debtor | Higher Education Services II, LLC | Case Number (if known): | 18-11503 |
|---|---|---|---|
| | Name | | |

## Additional Page to List More Codebtors

| | Column 1: Codebtor<br>Name and Mailing Address | Column 2: Creditor<br>Name | Check all schedules<br>that apply: |
|---|---|---|---|
| 2.67 | THE ART INSTITUTE OF CALIFORNIA-ORANGE COUNTY, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.68 | THE ART INSTITUTE OF CALIFORNIA-SACRAMENTO, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.69 | THE ART INSTITUTE OF CHARLESTON, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.70 | THE ART INSTITUTE OF CHARLOTTE, LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.71 | THE ART INSTITUTE OF COLORADO, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.72 | THE ART INSTITUTE OF DALLAS, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.73 | THE ART INSTITUTE OF FORT LAUDERDALE, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.74 | THE ART INSTITUTE OF FORT WORTH, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.75 | THE ART INSTITUTE OF HOUSTON, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.76 | THE ART INSTITUTE OF INDIANAPOLIS, LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |

| Debtor | Higher Education Services II, LLC | Case Number (if known): | 18-11503 |
| --- | --- | --- | --- |
| | Name | | |

### Additional Page to List More Codebtors

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
| --- | --- | --- | --- |
| 2.77 | THE ART INSTITUTE OF JACKSONVILLE, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.78 | THE ART INSTITUTE OF LAS VEGAS, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.79 | THE ART INSTITUTE OF MICHIGAN, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.80 | THE ART INSTITUTE OF NEW YORK CITY, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.81 | THE ART INSTITUTE OF OHIO - CINCINNATI, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.82 | THE ART INSTITUTE OF PHILADELPHIA LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.83 | THE ART INSTITUTE OF PITTSBURGH LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.84 | THE ART INSTITUTE OF PORTLAND, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.85 | THE ART INSTITUTE OF RALEIGH-DURHAM, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.86 | THE ART INSTITUTE OF SALT LAKE CITY, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |

| Debtor | Higher Education Services II, LLC | Case Number (if known): | 18-11503 |
|---|---|---|---|
| | Name | | |

### Additional Page to List More Codebtors

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
|---|---|---|---|
| 2.87 | THE ART INSTITUTE OF SAN ANTONIO, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.88 | THE ART INSTITUTE OF SEATTLE, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.89 | THE ART INSTITUTE OF ST. LOUIS, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.90 | THE ART INSTITUTE OF TAMPA, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.91 | THE ART INSTITUTE OF TENNESSEE-NASHVILLE, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.92 | THE ART INSTITUTE OF TUCSON, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.93 | THE ART INSTITUTE OF VIRGINIA BEACH LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.94 | THE ART INSTITUTE OF WASHINGTON, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.95 | THE ART INSTITUTE OF WASHINGTON-DULLES, LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.96 | THE ART INSTITUTE OF WISCONSIN LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |

| Debtor | Higher Education Services II, LLC | Case Number (if known): | 18-11503 |
|---|---|---|---|
| | Name | | |

## Additional Page to List More Codebtors

| | Column 1: Codebtor<br>Name and Mailing Address | Column 2: Creditor<br>Name | Check all schedules<br>that apply: |
|---|---|---|---|
| 2.97 | THE ART INSTITUTE OF YORK- PENNSYLVANIA LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.98 | THE ART INSTITUTES INTERNATIONAL - KANSAS CITY, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.99 | THE ART INSTITUTES INTERNATIONAL II LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.100 | THE ART INSTITUTES INTERNATIONAL LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.101 | THE ART INSTITUTES INTERNATIONAL MINNESOTA, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.102 | THE ASHER SCHOOL OF BUSINESS EDUCATION<br>CORPORATION<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.103 | THE CONNECTING LINK LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.104 | THE ILLINOIS INSTITUTE OF ART - TINLEY PARK LLC<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.105 | THE ILLINOIS INSTITUTE OF ART AT SCHAUMBURG, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |
| 2.106 | THE ILLINOIS INSTITUTE OF ART, INC.<br>210 SIXTH AVENUE, 3RD FLOOR<br>PITTSBURGH, PA  15222-2603 | US BANK NATIONAL ASSOCIATION, AS<br>ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194)<br>☐ E/F<br>☐ G |

| Debtor | Higher Education Services II, LLC | Case Number (if known): | 18-11503 |
| | Name | | |

### Additional Page to List More Codebtors

| | Column 1: Codebtor Name and Mailing Address | Column 2: Creditor Name | Check all schedules that apply: |
|---|---|---|---|
| 2.107 | THE INSTITUTE OF POST-SECONDARY EDUCATION, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.108 | THE NEW ENGLAND INSTITUTE OF ART, LLC 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.109 | THE UNIVERSITY OF SARASOTA, INC. 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |
| 2.110 | WESTERN STATE UNIVERSITY OF SOUTHERN CALIFORNIA 210 SIXTH AVENUE, 3RD FLOOR PITTSBURGH, PA 15222-2603 | US BANK NATIONAL ASSOCIATION, AS ADMINISTRATIVE AND COLLATERAL AGENT | ☑ D (s2194) ☐ E/F ☐ G |

**Fill in this information to identify the case and this filing:**

Debtor Name __Higher Education Services II LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                                    (State)

Case number (*If known*): __18-11503_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/29/2018__         ✗ ___/s/ Frank W. Jalufka_____
                MM / DD / YYYY              Signature of individual signing on behalf of debtor

                                            __Frank W. Jalufka_____
                                            Printed name

                                            __President_____
                                            Position or relationship to debtor