**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>EDUCATION MANAGEMENT II LLC,<br><br>       Debtor. | Chapter 7<br><br>Case No. 18-11494 (LSS) |
| In re<br><br>EDUCATION FINANCE III LLC,<br><br>       Debtor. | Chapter 7<br><br>Case No. 18-11499 (LSS) |
| In re<br><br>EDUCATION MANAGEMENT CORPORATION,<br><br>       Debtor. | Chapter 7<br><br>Case No. 18-11500 (LSS) |
| In re<br><br>EDUCATION MANAGEMENT HOLDINGS II LLC,<br><br>       Debtor. | Chapter 7<br><br>Case No. 18-11501 (LSS) |
| In re<br><br>HIGHER EDUCATION SERVICES II LLC,<br><br>       Debtor. | Chapter 7<br><br>Case No. 18-11503 (LSS) |

|  |  |
|---|---|
| In re<br><br>THE ART INSTITUTES INTERNATIONAL II LLC,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11546 (LSS) |

**REPORT OF DISPUTED ELECTION OF CHAPTER 7
TRUSTEE SUBMITTED BY UNITED STATES TRUSTEE**

Andrew R. Vara, Acting United States Trustee for Region 3 ("U.S. Trustee"), in furtherance of his administrative responsibilities imposed pursuant to 28 U.S.C. Section 586(a), submits the following report regarding the election of a Chapter 7 trustee in the above-captioned cases.

**I.    Background**

1.    Debtors commenced the above captioned cases on June 29, 2018, along with 53 additional affiliated cases, by filing voluntary petitions under Chapter 7 of the United States Bankruptcy Code: Education Management II LLC (Case No. 18-11494);   American Education Centers, Inc. (Case No. 18-11495); Argosy Education Group, Inc. (Case No. 18-11496); Argosy University of California LLC (Case No. 18-11497); Brown Mackie College - Tucson, Inc. (Case No. 18-11498); Education Finance III LLC   (Case No. 18-11499); Education Management Corporation (Case No. 18-11500); Education Management Holdings II LLC (Case No. 18-11501); Education Management LLC (Case No. 18-11502);   Higher Education Services II LLC (Case No. 18-11503); Miami International University of Art & Design, Inc. (Case No. 18-11504); South Education – Texas LLC (Case No. 18-11505); South University of Alabama, Inc. (Case No. 18-11506); South University of Carolina, Inc. (Case No. 18-11507); South University

of Florida, Inc. (Case No. 18-11508); South University of Michigan, LLC (Case No. 18-11509); South University of North Carolina LLC (Case No. 18-11510); South University of Ohio LLC (Case No. 18-11511); South University of Virginia, Inc. (Case No. 18-11512); South University Research II LLC (Case No. 18-11513); South University, LLC (Case No. 18-11514); Stautzenberger College Education Corporation (Case No. 18-11515); TAIC-San Diego, Inc. (Case No. 18-11516); TAIC-San Francisco, Inc. (Case No. 18-11517); The Art Institutes International Minnesota, Inc. (Case No. 18-11518); The Art Institute of Atlanta, LLC (Case No. 18-11519); The Art Institute of Austin, Inc. (Case No. 18-11520); The Art Institute of California-Hollywood, Inc. (Case No. 18-11521); The Art Institute of California-Inland Empire, Inc. (Case No. 18-11522); The Art Institute of California - Los Angeles, Inc. (Case No. 18-11523); The Art Institute of California-Orange County, Inc. (Case No. 18-11524); The Art Institute of California-Sacramento, Inc. (Case No. 18-11525); The Art Institute of Charleston, Inc. (Case No. 18-11526); The Art Institute of Charlotte, LLC (Case No. 18-11527); The Art Institute of Colorado, Inc. (Case No. 18-11528); The Art Institute of Dallas, Inc. (Case No. 18-11529); The Art Institute of Fort Lauderdale, Inc. (Case No. 18-11530); The Art Institute of Houston, Inc. (Case No. 18-11531); The Art Institute of Indianapolis, LLC (Case No. 18-11532); The Art Institute of Las Vegas, Inc. (Case No. 18-11533); The Art Institute of Michigan, Inc. (Case No. 18-11534); The Art Institute of Philadelphia LLC (Case No. 18-11535); The Art Institute of Pittsburgh LLC (Case No. 18-11536); The Art Institute of Portland, Inc. (Case No. 18-11537); The Art Institute of Raleigh-Durham, Inc. (Case No. 18-11538); The Art Institute of St. Louis, Inc. (Case No. 18-11539); The Art Institute of San Antonio, Inc. (Case No. 18-11540); The Art Institute of Seattle, Inc. (Case No. 18-11541); The Art Institute of Tampa, Inc. (Case No. 18-11542); The Art Institute of Tennessee-Nashville, Inc. (Case No. 18-11543); The Art Institute of Virginia Beach

LLC (Case No. 18-11544); The Art Institute of Washington, Inc. (Case No. 18-11545); The Art Institutes International II LLC (Case No. 18-11546); The Illinois Institute of Art at Schaumburg, Inc. (Case No. 18-11547); The Illinois Institute of Art, Inc. (Case No. 18-11548); The Institute of Post-Secondary Education, Inc. (Case No. 18-11549); The New England Institute of Art, LLC (Case No. 18-11550); The University of Sarasota, Inc. (Case No. 18-11551); Western State University of Southern California (Case No. 18-11552) (collectively, the "Bankruptcy Cases"). The Bankruptcy Cases are not jointly administered at this time.   The Bankruptcy Cases have not been substantively consolidated. Three of the Bankruptcy Cases — South University of Alabama, Inc. (Case No. 18-11506); South University of Carolina, Inc. (Case No. 18-11507); South University Research II LLC (Case No. 18-11513)— were dismissed on August 2, 2018. *See* D.E. 18; D.E. 18; and D.E. 19 (in each of the respective cases, collectively the "Dismissed Cases").

2. The U.S. Trustee appointed George L. Miller, as the interim trustee in the Bankruptcy Cases ("Interim Trustee").

3. On July 13, 2018, the Clerk of the Bankruptcy Court issued a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Chapter 7 Notice", D.E. 147) in Education Management II LLC, Case No. 18-11494, which, among other things, provided notice of the date of the meeting of creditors pursuant to 11 U.S.C. 341(a) and of the deadline for filing proofs of claim.   The Chapter 7 Notice identified Education Management II LLC on its front page.   An exhibit attached to the notice identified all other affiliated debtors, along with pertinent non-debtor affiliates, and stated: "The Meeting of Creditors will be held on August 3, 2018 at 11:00 a.m."     A copy of the Chapter 7 Notice is attached hereto as Exhibit A.   Docket entries in each of the Bankruptcy Cases read in pertinent part: "Meeting of Creditors 341(a)

meeting to be held on 8/3/2018 at 11:00 AM at J. Caleb Boggs Federal Building, 844 King St., Room 3209, Wilmington, Delaware. Proof of Claim Deadline due by 10/15/2018. Government Proof of Claim due by 12/26/2018. (COH) (Entered: 07/13/2018)."

4. The Meetings of Creditors pursuant to 11 U.S.C. § 341(a) (the "Meeting") took place on August 3, 2018 at 11:00 a.m. in Room 3209 of the J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware. The Interim Trustee presided. The Meetings commenced at 11:00 a.m., the Interim Trustee opened and concluded the 341 Meeting for each of the Dismissed Cases, as well as Western State University of Southern California (Case No. 18-11552). The Interim Trustee then opened the Meeting for Art Institutes International II LLC (Case No. 18-11546) and a request was made for the election of a permanent trustee pursuant to 11 U.S.C. § 702 in that case, and in the cases of: Education Management II LLC (Case No. 18-11494); Education Finance III LLC (Case No. 18-11499); Education Management Corporation (Case No. 18-11500); Education Management Holdings II LLC (Case No. 18-11501); and Higher Education Services II LLC (Case No. 18-11503) (collectively the "Election Request Cases"). The U.S. Trustee presided over the 341 Meeting for purposes of the election request.

5. The request for an election in the Election Request Cases was made by U.S. Bank, N.A. through counsel Mark Desgrosseilliers, Esq. of Womble Bond Dickinson and Carey D. Schreiber, Esq. of Winston & Strawn (the "Requesting Creditor" or "U.S. Bank").[1]  No representative from U.S. Bank was present at the 341 Meetings, and the election request proceeded on the understanding that counsel was acting as an authorized agent of U.S. Bank.

---

[1] U.S. Bank, N.A. serves as the Administrative Agent and Collateral Agent under the January 15, 2015 Credit and Guaranty Agreement and acts on behalf of the Secured Parties as defined in the Security Agreement. U.S. Bank Filed a Proof of Claim in each of the Election Request Cases.

Counsel for the Requesting Creditor represented that a Proof of Claim had been filed on behalf of the client, that counsel represented the creditor requesting the election, that counsel had filed an entry of appearance in the Bankruptcy Court, that counsel did not solicit the representation for purposes of the election, and that the creditor is a regular client of counsels' firms.

6. The Requesting Creditor made reference to its filed Proof of Claim, asserting an unsecured portion of not less than $599 million, against each of the six debtors in the Election Request Cases. The Proof of Claim is the same in all six Election Request Cases, and was also filed in South University Research II LLC (Case No. 18-11513), one of the Dismissed Cases.[2] *See* Proof of Claim 44 in Education Management II LLC (Case No. 18-11494) (attached hereto as Exhibit B). The Proof of Claim does not itemize claims against specific debtors, but rather, asserts that the debtors in the Election Request Cases "have jointly and severally, absolutely, unconditionally, and irrevocably guaranteed the Loans and all other Obligations owing under the Credit Agreement." Education Management II LLC (Case No. 18-11494) (Claim No. 44) at ¶ 2. Further, the Proof of Claim asserts an unsecured deficiency claim in excess of $599,464,848.37. *Id.* at ¶ 9.

7. Interim Trustee Miller filed an objection to the Requesting Creditor Proof of Claim on August 3, 2018. *See* Objection to Claim 44 by Claimant(s) U.S. Bank, National Association. (D.E. 163) (the same objection was filed in each of the Election Request Cases, as

---

[2] The U.S. Bank N.A. Proof of Claim can be found at Education Management II LLC (Case No. 18-11494) (POC 44-1); Education Finance III LLC (Case No. 18-11499) (POC 10-1); Education Management Corporation (Case No. 18-11500) (POC 15-1); Education Management Holdings II LLC (Case No. 18-11501) (POC 10-1); Higher Education Services II LLC (Case No. 18-11503) (POC 11-1); and The Art Institutes International II LLC (Case No. 18-11546) (POC 10-1).

well as South University Research II LLC (Case No. 18-11513)). A hearing on the claim objection is set for September 21, 2018 at 10:00 a.m., with objections due on August 17, 2018.

8.      The debtors in each of the Election Request Cases scheduled U.S. Bank on Schedule D as a secured creditor with an amount of claim of $566,890,806.29 and an unknown amount for the value of collateral supporting the claim.   *See* Case No. 18-11494 D.E. 9; Case No. 18-11499 D.E. 6; Case No. 18-11500 D.E. 6; Case No. 18-11501 D.E. 6; Case No. 18-11503 D.E. 6; Case No. 18-11546 D.E. 6.

## II.     Relevant Law on Trustee Elections

9.      Initially, the Court must determine the "Universe of Claims" qualified to vote for election of a permanent Chapter 7 trustee as specified in 11 U.S.C. § 702(a)(1), to assess whether the requisite twenty percent (20%) of such claims have requested an election.   The U.S. Trustee respectfully submits that *In re Michelex Ltd.*, 195 B.R. 993 (Bankr. W.D. Mich. 1996) is instructive on how to perform this assessment.

   (a)     Under the *Michelex* method, one starts with the general unsecured non-priority claims, as listed in the debtor's Schedule F (unsecured non-priority claims), excluding any claims listed as contingent, unliquidated or disputed, and further excluding claims that would be ineligible to vote under 11 U.S.C. § 702(a)(2) and (a)(3).   This amount is referred to herein as the "Net Schedule F Claims."

   (b)     Net Schedule F Claims are then adjusted using proofs of claim or other qualifying writings filed before or at the meeting of creditors, unless an objection has been made to a proof of claim or other qualifying writing or a proof of claim is insufficient on its face.   *See* FED.R.BANKR.P. 2003(b)(3).   A proof of claim or other qualifying writing supersedes claim information set forth in Schedule F.   A claim is

excluded if it has been objected to and the objection has not been adjudicated or otherwise resolved.[3]

  (c) The resulting amount is the "Universe of Claims."

10. After calculating the Universe of Claims, it must be determined whether a request for election has been made by the holders of twenty percent or more of the claims in Universe of Claims who have the right to vote their claims. To have the right to vote, a creditor holding such a claim must:

  (a) not have an interest materially adverse to the interest of other creditors in the Universe of Claims other than an equity interest that is not substantial in relation to the creditor's claim as a creditor (11 U.S.C. § 702(a)(2));

  (b) not be an insider (11 U.S.C. § 702(a)(3));

  (c) have filed a proof of claim or a writing setting forth facts evidencing a right to vote pursuant to Section 702(a) unless objection is made to the claim or the proof of claim is insufficient on its face. (FED.R.BANKR.P. 2003(b)(3)).

Creditors having the right to vote their claims are referred to herein as "Eligible Creditors."

11. At this juncture, the primary "Universe of Claims" issue is that posed by the Requesting Creditor's Proof of Claim. The result of the election depends on how the disputes regarding the Requesting Creditor's claim are resolved. The following sections of this report, first address the specifics of the election request and any objections posed to that request. The report will then address the voting in each case.

---

[3] Because of the close proximity of the filing of the Proof of Claim by U.S. Bank and the Objection thereto by the Interim Trustee, the U.S. Trustee opted not to disqualify U.S. Bank's claim on this basis, and rather submitted the issue as one of dispute among the parties in interest.

**III.    The Election Process**

12.    The Requesting Creditor nominated Edward E. Neiger of ASK LLP[4] ("Mr. Neiger") to serve as permanent trustee in the Election Request Cases.

13.    At the Meeting of Creditors, the Interim Trustee objected to U.S. Bank N.A. voting on the basis of the pending objections to the Proofs of Claim in the Election Request Cases.  The Interim Trustee asserted:

(a)    that U.S. Bank holds a disputed claim, for the reasons set forth in the Interim Trustee's filed objections;

(b)    that the U.S. Bank claim was unliquidated;

(c)    that the U.S. Bank claim was not fixed;

(d)    that the Interim Trustee believes U.S. Bank has a materially adverse interest to the other unsecured creditors;

(e)    that it is questionable as to whether U.S. Bank's asserted claim could be considered to reach the twenty percent (20%) threshold required to properly request an election;

(f)    that it is questionable whether a single creditor can elect a trustee; and

(g)    that the analysis and disclosures by U.S. Bank with respect to its partially secured status were inadequate.[5]

---

[4] Mr. Neiger's CV and Informational Materials for ASK LLP are attached hereto as Exhibit C. ASK LLP describes offices in New York, New York and St. Paul, Minnesota.   Section 321 states that a person may serve as a trustee in a case under Title 11 only if such person, "resides or has an office in the judicial district within which the case is pending, or in any judicial district adjacent to such district[.]" As of August 7, 2018, ASK LLP's website only references the New York and St. Paul offices: http://askllp.com/contact.php.

[5] The Interim Trustee asserted that in order to pursue the unsecured claim, U.S. Bank and the Secured Lenders may have to waive any secured status as to the remainder of the Debtors' property across the entirety of the Bankruptcy Cases.

14. U.S. Bank reserved all of its rights and noted disagreement on all accounts with respect to the objection of the Interim Trustee to the ability to request an election, and asserted that it was not waiving any rights. The Interim Trustee also reserved all rights with respect to the foregoing. No other parties in interest or creditors objected to the request for an election in the Election Request Cases.

15. Upon the U.S. Trustee's query as to whether any other party in interest objected to the election request, Candlewood Special Situations Master Fund II LP, a member of the Lender Group served by U.S. Bank N.A. as agent, appearing through counsel Benjamin W. Butterfield, Esq., also noted its support of the election of a trustee, but confirmed that it had not filed a Proof of Claim in any of the Election Request Cases, but rather its claim amounts were contained in U.S. Bank's filed Proofs of Claim.

16. Stuart Brown, Esq. counsel for Dream Center Education Holdings, LLC et al. ("Dream Center") requested clarification regarding whether there would be an opportunity to vet U.S. Bank's nominee's bona fides and credentials to serve as a chapter 7 trustee. The Requesting Creditor clarified that Mr. Neiger is a professional at ASK LLP.

17. The Interim Trustee further elaborated on services generally provided by ASK LLP. The Interim Trustee also noted that Mr. Neiger and ASK LLP had provided services to the Interim Trustee in other matters, and had not made contact with the Interim Trustee to request any conflict waiver, and the Interim Trustee reserved rights relating to any conflicts that may arise out of Mr. Neiger and ASK LLP being nominated to serve as permanent trustee.

18. The U.S. Trustee advised the parties present that based upon the information available at the time of the Meeting of Creditors, it was unclear at the time whether the Requesting Creditor's asserted claims met the criteria under Section 702 to request an election.

The U.S. Trustee proceeded with voting, noting that the twenty percent (20%) threshold to trigger an election would be an issue of dispute in the election report. All rights of the parties would be fully reserved to raise those issues with the Court following the filing of the election report. The U.S. Trustee announced that an election would be conducted for each individual case where an election was requested and the results would be announced in this report along with the disputes that would require further resolution. The election then proceeded, with respect to each of the Election Request Cases.

19. No other creditor or party in interest entered an appearance on the record with respect to the election process.

**IV.    Voting Summary and Analysis**

*The Art Institutes International II LLC, Case No. 18-11546*

20. The Requesting Creditor voted for Mr. Neiger in The Art Institutes International II LLC, Case No. 18-11546.   No other creditors cast a vote in the election.

21. The U.S. Trustee elicited testimony from the Debtor regarding unsecured claims against the specific Debtor entity. The Debtor indicated that it was not aware of any liquidated, fixed, non-contingent claims against the Debtor, as the Schedule F listed total unsecured debt as "Unknown."   The Debtor stated there was no landlord claim for the Art Institutes International II LLC and no invoices were received for the Debtor requiring any changes to the fixed scheduled amount.   The Debtor further commented that U.S. Bank's claim was scheduled by the Debtor as a secured claim on Schedule D, not knowing how that would be allocated out between a secured and unsecured claim, but that the Proof of Claim filed by U.S. Bank, N.A. had made such an attribution.   U.S. Bank further asserted a joint and several claim against the six debtor entities.   Dream Center reserved rights as to its status as a potential secured creditor, and

indicated that certain assets of the debtors or held by Dream Center may be trust assets; Dream Center further clarified it did not assert any amounts that it would be entitled to vote in the Trustee Election.   Assuming the Election Request was proper, and relevant disputes resolved in favor of U.S. Bank, U.S. Bank's vote would satisfy the 20% threshold and would represent 100% of the claims voted in the election, all in favor of Mr. Neiger.

### *Higher Education Services II LLC, Case No. 18-11503*

22. Voting next turned to Higher Education Services II LLC, Case No. 18-11503 which had no amount listed for unsecured claims on Schedule F. After inquiring of the Debtor resulted in substantially the same answer as was provided for The Art Institutes International II LLC, Case No. 18-11546, the vote was held.   Assuming the Election Request was proper, and relevant disputes resolved in favor of U.S. Bank, U.S. Bank's vote would satisfy the 20% threshold and would represent 100% of the claims voted in the election, all in favor of Mr. Neiger.

### *Education Management Holdings II LLC, Case No. 18-11501*

23. Voting next turned to Education Management Holdings II LLC, Case No. 18-11501, which had no amount listed for unsecured claims on Schedule F. After inquiring of the Debtor resulted in substantially the same answer as was provided for The Art Institutes International II LLC Case No. 18-11546, and Higher Education Services II LLC, Case No. 18-11503, the vote was held. Assuming the Election Request was proper, and relevant disputes resolved in favor of U.S. Bank, U.S. Bank's vote would satisfy the 20% threshold and would represent 100% of the claims voted in the election, all in favor of Mr. Neiger.

### *Education Management Corporation, Case No. 18-11500*

24. Voting next turned to Education Management Corporation, Case No. 18-11500, which had $13,809,543 in unsecured claims listed on Schedule F. The Debtor confirmed that it was not aware of any additional amounts owed that should be listed on Schedule F, and assuming the Election Request was proper, and relevant disputes resolved in favor of U.S. Bank, U.S. Bank's vote would satisfy the 20% threshold and would represent 100% of the claims voted in the election, all in favor of Mr. Neiger.

### *Education Finance III LLC, Case No. 18-11499*

25. Voting next turned to Education Finance III LLC, Case No. 18-11499, which had no amount listed for unsecured claims on Schedule F. After inquiring of the Debtor resulted in substantially the same answer as was provided for The Art Institutes International II LLC Case No. 18-11546, Higher Education Services II LLC, Case No. 18-11503, and Education Management Holdings II LLC, Case No. 18-11501, the vote was held. Assuming the Election Request was proper, and relevant disputes resolved in favor of U.S. Bank, U.S. Bank's vote would satisfy the 20% threshold and would represent 100% of the claims voted in the election, all in favor of Mr. Neiger.

### *Education Management II LLC, Case No. 18-11494*

26. Voting next turned to Education Management II LLC, Case No. 18-11494, which had $13,091,037 in unsecured claims listed on Schedule F. The Debtor confirmed that it was not aware of any additional amounts owed that should be listed on Schedule F, and assuming the Election Request was proper, and relevant disputes resolved in favor of U.S. Bank, U.S. Bank's vote would satisfy the 20% threshold and would represent 100% of the claims voted in the election, all in favor of Mr. Neiger.

27. A summary chart of the voting results follows:

| Case No. | Debtor | Schedule F Total Unsecured | 20% Threshold | U.S. Bank POC | Total Unsecured Including U.S. Bank POC | 20% Threshold Including U.S. Bank Claim | Claims (%) Voting for Nominated Trustee in Election |
|---|---|---|---|---|---|---|---|
| 18-11546 | The Art Institutes International II LLC | Unknown | - | $599,464,848 | $599,464,848 | $119,892,970 | 100% |
| 18-11503 | Higher Education Services II LLC | - | - | $599,464,848 | $599,464,848 | $119,892,970 | 100% |
| 18-11501 | Education Management Holdings II LLC | - | - | $599,464,848 | $599,464,848 | $119,892,970 | 100% |
| 18-11500 | Education Management Corporation | $13,809,543 | $2,761,909 | $599,464,848 | $613,274,391 | $122,654,878 | 100% |
| 18-11499 | Education Finance III LLC | - | - | $599,464,848 | $599,464,848 | $119,892,970 | 100% |
| 18-11494 | Education Management II LLC | $13,091,037 | $2,618,207 | $599,464,848 | $612,555,885 | $122,511,177 | 100% |

28. The issues in dispute are detailed in Paragraph 13, *supra*. In addition, Mr. Neiger's eligibility under Section 321 is a potential issue based on the information provided about ASK LLP's office locations. ASK LLP does not appear to have an office in any judicial district adjacent to the District of Delaware. *See* ¶ 12 n.4, *supra*.

29. The U.S. Trustee advised the parties present that the election was disputed and therefore the Interim Trustee would continue to serve as interim trustee until such time as all disputes regarding the election were resolved by the Court.

30. As set forth at paragraph 7, supra, the Interim Trustee has filed objections to the U.S. Bank Proofs of Claim, which is the subject of a hearing scheduled for September 21, 2018 at 10:00 a.m.

31. Pursuant to FED.R.BANKR.P. 2003(d)(2), if a motion for the resolution of the election dispute is not filed within fourteen (14) days of the date the United States Trustee's Report is filed, the Interim Trustee shall serve as the permanent trustee in these cases.

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE, REGION 3**

Dated: August 9, 2018    **BY:**    *Timothy J. Fox*
Timothy J. Fox, Jr., Esquire
Trial Attorney
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)