## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EDUCATION MANAGEMENT II LLC,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11494 (LSS)<br><br>**Related D.I. 160, 161, and 162** |
| In re:<br><br>EDUCATION FINANCE III LLC,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11499 (LSS)<br><br>**Related D.I. 12, 14, and 15** |
| In re:<br><br>EDUCATION MANAGEMENT<br>CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11500 (LSS)<br><br>**Related D.I. 14, 17, and 20** |
| In re:<br><br>EDUCATION MANAGEMENT<br>HOLDINGS II LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11501 (LSS)<br><br>**Related D.I. 13, 14, and 15** |
| In re:<br><br>HIGHER EDUCATION SERVICES II LLC,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11503 (LSS)<br><br>**Related D.I. 13, 14, and 15** |
| In re:<br><br>THE ART INSTITUTES<br>INTERNATIONAL II LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11546 (LSS)<br><br>**Related D.I. 13, 14, and 16** |

| | |
|---|---|
| In re:<br><br>AMERICAN EDUCATION CENTERS, INC.,<br><br><div align="center">Debtor.</div> | Chapter 7<br><br>Case No. 18-11495 (LSS)<br><br>**Related D.I. 15, 16, and 17** |
| In re:<br><br>ARGOSY EDUCATION GROUP, INC.,<br><br><div align="center">Debtor.</div> | Chapter 7<br><br>Case No. 18-11496 (LSS)<br><br>**Related D.I. 14, 15, and 16** |
| In re:<br><br>ARGOSY UNIVERSITY OF CALIFORNIA LLC,<br><br><div align="center">Debtor.</div> | Chapter 7<br><br>Case No. 18-11497 (LSS)<br><br>**Related D.I. 14, 15, and 16** |
| In re:<br><br>BROWN MACKIE COLLEGE – TUCSON, INC.,<br><br><div align="center">Debtor.</div> | Chapter 7<br><br>Case No. 18-11498 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>EDUCATION MANAGEMENT LLC,<br><br><div align="center">Debtor.</div> | Chapter 7<br><br>Case No. 18-11502 (LSS)<br><br>**Related D.I. 16, 17, and 18** |
| In re:<br><br>MIAMI INTERNTIONAL UNIVERSITY OF ART & DESIGN, INC.,<br><br><div align="center">Debtor.</div> | Chapter 7<br><br>Case No. 18-11504 (LSS)<br><br>**Related D.I. 12, 13, and 14** |

| | |
|---|---|
| In re:<br><br>SOUTH EDUCATION – TEXAS LLC,<br><br><br>Debtor. | Chapter 7<br>Case No. 18-11505 (LSS)<br>**Related D.I. 14, 15, and 16** |
| In re:<br><br>SOUTH UNIVERSITY OF FLORIDA, INC.,<br><br><br>Debtor. | Chapter 7<br>Case No. 18-11508 (LSS)<br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>SOUTH UNIVERSITY OF MICHIGAN, LLC,<br><br>Debtor. | Chapter 7<br>Case No. 18-11509 (LSS)<br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>SOUTH UNIVERSITY OF NORTH CAROLINA LLC,<br><br>Debtor. | Chapter 7<br>Case No. 18-11510 (LSS)<br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>SOUTH UNIVERSITY OF OHIO LLC,<br><br><br>Debtor. | Chapter 7<br>Case No. 18-11511 (LSS)<br>**Related D.I. 13, 14, and 15** |
| In re:<br><br>SOUTH UNIVERSITY OF VIRGINIA, INC.,<br><br><br>Debtor. | Chapter 7<br>Case No. 18-11512 (LSS)<br>**Related D.I. 13, 14, and 15** |

| | |
|---|---|
| In re:<br><br>SOUTH UNIVERSITY, LLC<br><br><br>                           Debtor. | Chapter 7<br><br>Case No. 18-11514 (LSS)<br><br>**Related D.I. 14, 15, and 16** |
| In re:<br><br>STAUTZENBERGER COLLEGE<br>EDUCATION CORPORATION,<br><br>                           Debtor. | Chapter 7<br><br>Case No. 18-11515 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>TAIC-SAN DIEGO, INC.,<br><br><br>                           Debtor. | Chapter 7<br><br>Case No. 18-11516 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>TAIC-SAN FRANCISCO, INC.,<br><br><br>                           Debtor. | Chapter 7<br><br>Case No. 18-11517 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTES INTERNATIONAL<br>MINNESOTA, INC.,<br><br>                           Debtor. | Chapter 7<br><br>Case No. 18-11518 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF ATLANTA,<br>LLC,<br><br>                           Debtor. | Chapter 7<br><br>Case No. 18-11519 (LSS)<br><br>**Related D.I. 13, 14, and 15** |

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF AUSTIN, INC.,<br><br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11520 (LSS)<br><br>**Related D.I. 14, 15, and 16** |
| In re:<br><br>THE ART INSTITUTE OF CALINFORNIA-<br>HOLLYWOOD, INC.,<br><br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11521 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF CALIFORNIA-<br>INLAND EMPIRE, INC.,<br><br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11522 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF CALIFORNIA-<br>LOS ANGELES, INC.,<br><br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11523 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF CALIFORNIA-<br>ORANGE COUNTY, INC.,<br><br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11524 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF CALIFORNIA-<br>SACRAMENTO, INC.,<br><br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11525 (LSS)<br><br>**Related D.I. 12, 13, and 14** |

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF CHARLESTON, INC.,<br><br>                     Debtor. | Chapter 7<br><br>Case No. 18-11526 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUE OF CHARLOTTE, LLC,<br><br>                     Debtor. | Chapter 7<br><br>Case No. 18-11527 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF COLORADO, INC.,<br><br>                     Debtor. | Chapter 7<br><br>Case No. 18-11528 (LSS)<br><br>**Related D.I. 13, 14, and 15** |
| In re:<br><br>THE ART INSTITUTE OF DALLAS, INC.,<br><br>                     Debtor. | Chapter 7<br><br>Case No. 18-11529 (LSS)<br><br>**Related D.I. 17, 18, and 19** |
| In re:<br><br>THE ART INSTITUTE OF FORT LAUDERDALE, INC.,<br><br>                     Debtor. | Chapter 7<br><br>Case No. 18-11530 (LSS)<br><br>**Related D.I. 15, 16, and 17** |
| In re:<br><br>THE ART INSTITUTE OF HOUSTON, INC.,<br><br>                     Debtor. | Chapter 7<br><br>Case No. 18-11531 (LSS)<br><br>**Related D.I. 18, 19, and 20** |

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF INDIANAPOLIS, LLC,<br><br>              Debtor. | Chapter 7<br><br>Case No. 18-11532 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF LAS VEGAS, INC.,<br><br>              Debtor. | Chapter 7<br><br>Case No. 18-11533 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF MICHIGAN, INC.,<br><br>              Debtor. | Chapter 7<br><br>Case No. 18-11534 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF PHILADELPHIA LLC,<br><br>              Debtor. | Chapter 7<br><br>Case No. 18-11535 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF PITTSBURGH LLC,<br><br>              Debtor. | Chapter 7<br><br>Case No. 18-11536 (LSS)<br><br>**Related D.I. 14, 15, and 16** |
| In re:<br><br>THE ART INSTITUTE OF PORTLAND, INC.,<br><br>              Debtor. | Chapter 7<br><br>Case No. 18-11537 (LSS)<br><br>**Related D.I. 12, 13, and 14** |

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF RALEIGH-DURHAM, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11538 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF ST. LOUIS, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11539 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF SAN ANTONIO, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11540 (LSS)<br><br>**Related D.I. 15, 16, and 17** |
| In re:<br><br>THE ART INSTITUTE OF SEATTLE, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11541 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF TAMPA, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11542 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF TENNESSEE-NASHVILLE, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 18-11543 (LSS)<br><br>**Related D.I. 12, 13, and 14** |

| | |
|---|---|
| In re:<br><br>THE ART INSTITUTE OF VIRGINIA<br>BEACH LLC,<br><br>       Debtor. | Chapter 7<br>Case No. 18-11544 (LSS)<br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ART INSTITUTE OF WASHINGTON,<br>INC.,<br><br>       Debtor. | Chapter 7<br>Case No. 18-11545 (LSS)<br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ILLINOIS INSTITUTE OF ART AT<br>SCHAUMBURG, INC.,<br><br>       Debtor. | Chapter 7<br>Case No. 18-11547 (LSS)<br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE ILLINOIS INSTITUTE OF ART, INC.,<br><br>       Debtor. | Chapter 7<br>Case No. 18-11548 (LSS)<br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE INSTITUTE OF POST-SECONDARY<br>EDUCATION, INC.,<br><br>       Debtor. | Chapter 7<br>Case No. 18-11549 (LSS)<br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>THE NEW ENGLAND INSTITUTE OF<br>ART, LLC,<br><br>       Debtor. | Chapter 7<br>Case No. 18-11550 (LSS)<br>**Related D.I. 12, 14, and 17** |

| | |
|---|---|
| In re:<br><br>THE UNIVERSITY OF SARASOTA, INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11551 (LSS)<br><br>**Related D.I. 12, 13, and 14** |
| In re:<br><br>WESTERN STATE UNIVERSITY OF<br>SOUTHERN CALIFORNIA,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 18-11552(LSS)<br><br>**Related D.I. 13, 14, and 15** |

**OMNIBUS LIMITED OBJECTION AND RESERVATION OF RIGHTS OF U.S. BANK, NATIONAL ASSOCIATION, TO: (I) MOTION OF [INTERIM] CHAPTER 7 TRUSTEE FOR ORDER ESTABLISHING NOTICE PROCEDURES; (II) APPLICATION OF [INTERIM] CHAPTER 7 TRUSTEE GEORGE L. MILLER, TO EMPLOY MILLER COFFEY TATE LLP AS ACCOUNTANTS AND BANKRUPTCY CONSULTANTSU [sic], *NUNC PRO TUNC TO* JUNE 29, 2018; AND (III) APPLICATION OF GEORGE L. MILLER, [INTERIM] CHAPTER 7 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, *NUNC PRO TUNC* TO JUNE 29, 2018, IN THE ABOVE-CAPTIONED DEBTORS' CASES**

U.S. Bank, National Association ("U.S. Bank"), as administrative agent under that certain Credit and Guaranty Agreement, dated as of January 5, 2015 (as amended, restated, supplemented, or otherwise modified from time to time, and including any and all annexes, exhibits and schedules thereto, collectively, the "Credit Agreement"), by and through its undersigned counsel, hereby files this omnibus limited objection and reservation of rights (the "Limited Objection") to the: (i) Motion of [Interim] Chapter 7 Trustee for Order Establishing Notice Procedures (the "Motion") [Docket No. 160];[1] (ii) Application of [Interim] Chapter 7

---

[1] In the interest of clarity, all Docket Identifiers refer to the Docket Identifiers in the Educations Management II LLC case (Case No. 18-11494-LSS); however, in most instances, identical pleadings were also filed in the above-captioned cases and other affiliated Debtors' cases. By this Limited Objection, U.S. Bank objects and reserves its rights to the relief requested by the Interim Trustee through the Motion (as defined herein), the Miller Retention

Trustee, George L, Miller to Employ Miller Coffey Tate LLP as Accounts and Bankruptcy Consultantsu [sic], *nunc pro tunc* to June 29, 2018 (the "<u>Miller Retention Application</u>") [Docket No. 161]; and (iii) Application of George L, Miller, [Interim] Chapter 7 Trustee, pursuant to Bankruptcy Code Sections 327(a) and 328(a), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 for Authority to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel to the Chapter 7 Trustee, *nunc pro tunc* to June 29, 2018 (the "<u>Pachulski Retention Application</u>" and with the Miller Retention Application, collectively, the "<u>Applications</u>") [Docket No. 162], filed by George L. Miller, as interim chapter 7 trustee (the "<u>Interim Trustee</u>") of each of the above-captioned debtors (the "<u>Debtors</u>").   In support of this Limited Objection, U.S. Bank respectfully represents as follows:

## PRELIMINARY STATEMENT

1.      As set forth herein, U.S. Bank has no objections to the Court granting the relief requested in the Applications and the Motion on an interim basis.  However, in light of the pending disputed trustee election, as discussed herein, U.S. Bank and any permanent trustee appointed in the Debtors' cases should be afforded a full opportunity to review the Motion and the Applications and to withdraw or modify any of the relief sought by the Interim Trustee.

2.      Moreover, the Interim Trustee has not, to date, filed a request that the Debtors' bankruptcy cases be jointly administered, notwithstanding that such relief is customarily sought in bankruptcy cases with multiple related debtors and that the Interim Trustee has indicated that he would seek such relief.  If a permanent trustee is appointed, such trustee may seek approval of joint administration and, as a result, such trustee could be appointed in all of the affiliated Debtor cases pursuant to Bankruptcy Rule 2009(a).  Accordingly, to preserve all

---

Application (as defined herein), and the Pachulski Retention Application (as defined herein) in all of the Debtors' (as defined herein) currently <u>not</u> jointly administered bankruptcy cases.

of the rights of any permanent trustee, U.S. Bank respectfully requests that the Court enter any orders granting the relief requested in the Motion on an interim basis only in each of the Debtors' bankruptcy cases.

## **BACKGROUND**

      **A.**      **General Background.**

      3.      On or about January 5, 2015, each of the Credit Party Debtors and certain of their non-debtor affiliates entered into the Credit Agreement, the Pledge and Security Agreement, and each of the other Credit Documents. U.S. Bank serves as the Administrative Agent and the Collateral Agent under the Credit Agreement and the Pledge and Security Agreement.

      4.      Pursuant to the Credit Agreement, the Lenders agreed to provide Education Management II LLC with up to $149,999,999.12 in Tranche A Term Loans, up to $249,999,999.04 in Tranche B Term Loans, and up to $256,440,700.96 in Revolving Loans (collectively, the "Loans"). In exchange, each of the Credit Parties, including each of the Credit Party Debtors, jointly and severally, absolutely, unconditionally, and irrevocably guaranteed all Obligations owing under the Credit Agreement, including the Loans. As further consideration, certain of the Credit Parties, including each of the Credit Party Debtors, also agreed to grant U.S. Bank, as Collateral Agent, a first priority security interest in and continuing lien on all of their right, title, and interest to and under all of the Collateral.

      5.      On June 25, 2018, pursuant to Section 9-620 of the Uniform Commercial Code and the Credit Documents, the Credit Parties, including each of the Credit Party Debtors, and U.S. Bank entered into that certain Surrender of Collateral, Consent to Partial Strict Foreclosure, and Release Agreement (the "Partial Strict Foreclosure Agreement"), pursuant to

which U.S. Bank foreclosed upon, and took title to and possession of, all of the Credit Party Debtors' possession, right, title and interest in and to the Surrendered Collateral (as defined in the Partial Strict Foreclosure Agreement) in satisfaction of $13,000,000.00 of Obligations under the Credit Agreement.  To date, the amount of cash collected by U.S. Bank after entry into the Partial Strict Foreclosure Agreement is less than $835,000.00.

**B.    The Chapter 7 Cases & Interim Trustee.**

6.    On June 29, 2018, each of the Debtors commenced a chapter 7 case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  George L. Miller was appointed as the Interim Trustee for each of the Debtors by the Office of the United States Trustee.

7.    On July 3, 2018, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements").

8.    Also on July 3, 2018, the Interim Trustee filed his Notice of Appearance and Request for Service Pursuant to Fed. R. Bankr. P. 2002 (the "Interim Trustee's Notice of Appearance") [Docket No. 77].  In the Interim Trustee's Notice of Appearance at footnote 1, the Interim Trustee states that "A motion to jointly administer this case and the fifty-eight related cases will be filed by the [Interim] Trustee."

9.    On July 30, 2018, U.S. Bank provided the Interim Trustee with electronic access to copies of the Credit Agreement, the Pledge and Security Agreement, the Partial Strict Foreclosure Agreement, and certain other material documents related thereto.

C.      **The Proofs of Claim.**[2]

10.      On August 2, 2018, U.S. Bank filed a proof of claim (each, a "Proof of Claim" and collectively, the "Proofs of Claim") against each of the Credit Party Debtors.  The Proofs of Claim include all Obligations of every nature arising under the Credit Documents.  Each Proof of Claim asserted (a) a liquidated unsecured deficiency claim in the amount of $599,466,708.37,[3] (b) a general unsecured claim for unliquidated amounts owing under the Credit Agreement (e.g., accrued and accruing unpaid interest, fees, costs, and expenses), and (c) a secured claim solely to the extent of the value of the Collateral (which is immaterial), which is valued at $307,078.42 in the Credit Party Debtors' Schedules and Statements.

11.      As set forth in the Schedules and Statements, after setting aside all tax attributes, the value of the Debtors' remaining assets (and the Collateral) is $307,078.42 in the aggregate.  Accordingly, the value of U.S. Bank's secured claim is $307,078.42 (*i.e.*, the value of the Collateral based on the Debtors' own books and records) and the value of its unsecured liquidated deficiency claim is $599,466,708.37 (which is equal to the liquidated portion of U.S. Bank's claim minus the value of the Collateral).[4]

12.      On August 3, 2018, the Interim Trustee filed the *Objection of George L. Miller, Chapter 7 Trustee, to Proofs of Claim Filed By U.S. Bank, National Association as Administrative Agent on Behalf of Itself and Each Secured Claimant in the Above-Captioned Debtors' Cases* (the "Claim Objection") [Docket No. 163].  On August 16, 2018, U.S. Bank filed

---

[2]  The description of any Proof of Claim set forth in this Motion is qualified in its entirety by the Proof of Claim. Except as set forth in note 3 below, in the event of a conflict between this Motion and any Proof of Claim, the Proof of Claim shall control.

[3]  The amounts in the Proofs of Claim for the liquidated unsecured claim and secured claim were understated and overstated by $1,860, respectively, by inadvertently including the assets of American Education Centers (which is not a Credit Party Debtor) in the calculation of collateral.

[4]  U.S. Bank reserves all rights with respect to the value of its secured claim.

its *Response to the Claim Objection* (the "Claim Response") [Docket No. 171] in which U.S.

Bank refutes the baseless allegations put forth by the Interim Trustee in the Claim Objection.

13.    On August 9, 2018, the United States Trustee filed its *Report of Disputed*

*Election of Chapter 7 Trustee Submitted By United States Trustee* [Docket No. 167], in which it

reported, among other things, that U.S. Bank made a request for an election at the 341 Meetings,

which election remains disputed.

**D.    The Motion and Applications.**

14.    On August 2, 2018, the Interim Trustee filed the Motion and the

Applications.  The caption of the Applications both contain the notation "Joint Administration

Requested."  Despite the statement that joint administration was requested in the caption of the

Applications, the first footnote of both of the Applications states that "[a] motion to jointly

administer this case and the fifty-eight related cases will be filed by the [Interim] Trustee."   To

date, no such request has been made.  Instead, the Interim Trustee has filed only the Motion,

seeking to limit notice in these bankruptcy cases, and the Applications in each of the Debtors'

bankruptcy cases.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

15.    Pursuant to Bankruptcy Code section 701(b), "the service of an interim

trustee under this section *terminates* when *a trustee elected or designated under section 702* of

this title to serve as trustee in the case qualifies under section 322 of this title."  *See* 11 U.S.C. §

701(b) (emphasis added).  U.S. Bank has exercised its rights to elect a *permanent* trustee

pursuant to Bankruptcy Code section 702.  Ultimately, this Court will have to resolve whether

the Interim Trustee, or U.S. Bank's proposed trustee, or any successor or alternate trustee

selected in accordance with the Bankruptcy Code, will serve as the trustee in this case pursuant to Bankruptcy Code section 702. *See* 11 U.S.C. § 702; Fed. R. Bankr. P. 2003(d)(2).

16.     In light of the pending Disputed Trustee Election, the rights of any permanent trustee to consider and respond to the Motion and the Applications should be preserved.  Accordingly, U.S. Bank respectfully requests that, to the extent that the Court grants the relief requested in the Motion and the Applications, any order should be an interim order that expressly preserves all of the rights of U.S. Bank and a permanent trustee to withdraw or modify the relief sought therein if necessary.  Indeed, such "interim" orders are appropriate, in this instance, to protect the Debtors and their estates from, among other things, being burdened with unnecessary professional fees, while also balancing the Interim Trustee's need for representation until the Disputed Trustee Election is resolved.

17.     Moreover, by the Motion, the Interim Trustee seeks only to limit notice in the bankruptcy cases.  U.S. Bank has no objection to limiting notice in the manner requested by the Interim Trustee, but also notes that the Interim Trustee has not taken the obvious step of asking this Court to jointly administer all of the bankruptcy cases.  Assuming that a permanent trustee is appointed in the Credit Party Debtors' bankruptcy cases, such replacement trustee may seek such relief and may also seek to be the trustee in each of the other Debtor cases pursuant to Bankruptcy Rule 2009(a).

18.     The Interim Trustee filed the Motion and the Applications 34 days after the filing of the Bankruptcy Cases and 30 days after his counsel entered his appearance in the Bankruptcy Cases.  Entering the proposed orders on an interim basis, as requested herein, will permit this Court and the parties to address the Disputed Trustee Election, and allow any

permanent trustee a meaningful opportunity to review and respond, as necessary, to the Motion and the Applications.   Such delay would, in turn, not prejudice any of the parties.

## RESERVATION OF RIGHTS

19.    U.S. Bank expressly reserves its rights to raise any arguments in connection with any retention of any professional sought to be retained by any trustee appointed pursuant to Bankruptcy Code section 702, to call any witnesses, and/or present any evidence in support of its positions at any hearing(s) on the matter(s).   U.S. Bank also reserves its right to amend or modify this Limited Objection and to raise any additional objections at any time prior to, or at, any hearing to consider the relief that the Interim Trustee seeks through the Motion and the Applications, including, but not limited to, the Hearing.   Moreover, to the extent this Court grants the Motion and/or the Applications on an interim basis, as requested by U.S. Bank, U.S. Bank expressly reserves its rights to raise any arguments in connection with final hearings on the Motion and the Applications and to call any witnesses, and/or present any evidence in support of its positions at any hearing(s) on such matter(s).

## CONCLUSION

20.    In light of the pending Disputed Trustee Election, and for the reasons set forth herein, the Court should grant the Motion and the Applications on an interim basis only, subject to the rights of U.S. Bank and any permanent trustee to withdrawal or modify the relief sought therein if necessary.

Dated: August 16, 2018
     Wilmington, Delaware

                                 */s/ Mark L. Desgrosseilliers*
Mark L. Desgrosseilliers (Del. Bar No. 4083)
Womble Bond Dickinson (US) LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone:  (302) 252-4320
Email:  mark.desgrosseilliers@wbd-us.com

-and-

Carey D. Schreiber, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY  10166-4193
Telephone:  (212) 294-6700
Email:  cschreiber@winston.com

Counsel to U.S. Bank, N.A.

WBD (US) 43509033v5