**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EDUCATION MANAGEMENT II LLC,<br><br><br>             Debtor. | Chapter 7<br><br>Case No. 18-11494 (LSS)<br><br>**Related  D.I. No. 167** |
| In re:<br><br>EDUCATION FINANCE III LLC,<br><br><br>             Debtor. | Chapter 7<br><br>Case No. 18-11499 (LSS)<br><br>**Related  D.I. No. 18** |
| In re:<br><br>EDUCATION MANAGEMENT<br>CORPORATION,<br><br>             Debtor. | Chapter 7<br><br>Case No. 18-11500 (LSS)<br><br>**Related  D.I. No. 23** |
| In re:<br><br>EDUCATION MANAGEMENT<br>HOLDINGS II LLC,<br><br>             Debtor. | Chapter 7<br><br>Case No. 18-11501 (LSS)<br><br>**Related  D.I. No. 18** |
| In re:<br><br>HIGHER EDUCATION SERVICES II LLC,<br><br><br>             Debtor. | Chapter 7<br><br>Case No. 18-11503 (LSS)<br><br>**Related  D.I. No. 18** |
| In re:<br><br>THE ART INSTITUTES<br>INTERNATIONAL II LLC,<br><br>             Debtor. | Chapter 7<br><br>Case No. 18-11546 (LSS)<br><br>**Related  D.I. No. 18** |

**MOTION BY U.S. BANK FOR RESOLUTION OF DISPUTED ELECTIONS AND FOR
A DETERMINATION THAT EDWARD E. NEIGER BE APPOINTED AS
PERMANENT TRUSTEE IN THE ABOVE-CAPTIONED CASES**

By this motion (the "Motion"), U.S. Bank, National Association ("U.S. Bank"), as administrative agent under that certain Credit and Guaranty Agreement, dated as of January 5, 2015 (as amended, restated, supplemented or otherwise modified from time to time, and including any and all annexes, exhibits and schedules thereto, collectively, the "Credit Agreement"),[1] hereby seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") resolving the disputed chapter 7 trustee election and appointing Edward E. Neiger ("Mr. Neiger") as permanent chapter 7 trustee for each of the above-captioned debtors (the "Credit Party Debtors" and, together with their affiliated debtors, the "Debtors") pursuant to section 702 of title 11 of the United States Code (the "Bankruptcy Code") and rule 2003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, U.S. Bank relies on the declaration of Edward E. Neiger (the "Neiger Declaration"), attached hereto as **Exhibit B**.   In further support of the Motion, U.S. Bank respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.     On August 3, 2018, U.S. Bank appeared at the initial meeting of creditors (the initial meeting of creditors and any subsequent such meetings, each, a "341 Meeting" and, collectively, the "341 Meetings") held pursuant to section 341 of the Bankruptcy Code and requested the election of a permanent chapter 7 trustee for each Credit Party Debtor.   As

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Credit Agreement.

evidence of its eligibility to vote, U.S. Bank relied on its proofs of claim, which were filed the day prior and include a liquidated unsecured deficiency claim of at least $599,466,708.37[2] against each Credit Party Debtor.  U.S. Bank nominated Mr. Neiger to be trustee in each case.  Mr. Timothy Fox, Jr., the trial attorney from the Office of the United States Trustee, conducted the elections.  U.S. Bank was the only creditor that voted, so the result of each election was unanimously in Mr. Neiger's favor.

2.      The sole objection to the election of Mr. Neiger was raised by Mr. George L. Miller, the interim chapter 7 trustee (the "Interim Trustee"), who alleged on the record at the 341 Meetings that U.S. Bank was not eligible to vote and that its vote did not satisfy the statutory thresholds.  As support for its objection, the Interim Trustee relied on the arguments set forth in its substantive objections to each of U.S. Bank's proofs of claim, objections that were filed less than an hour before the start of the 341 Meetings.[3]  The Interim Trustee also suggested that Mr. Neiger may be precluded from serving as chapter 7 trustee due to an alleged conflict of interest.  As set forth in the Claim Response, the alleged objections to the claim raised by the Interim Trustee are entirely baseless, both legally and factually.

3.      U.S. Bank is eligible to vote because it satisfies each of the requirements of section 702(a) of the Bankruptcy Code.  U.S. Bank holds an allowable, undisputed, fixed, liquidated unsecured claim of nearly $600 million against each of the Credit Party Debtors.  Prior

---

[2] The amounts in the Proofs of Claim (defined below) for the liquidated unsecured claim and secured claim were understated and overstated by $1,860, respectively, by inadvertently including the assets of American Education Centers (which is not a Credit Party Debtor) in the calculation of collateral.

[3] The substantive objection is suspect.  Indeed, the objection lacks sufficient legal and factual bases, and the Interim Trustee filed the objection on August 3, 2018, the morning after the Proofs of Claim were filed and less than an hour before the 341 Meetings.  It appears the Interim Trustee's objection to the Proofs of Claim (defined below) could only have been designed to create a dispute with respect to U.S. Bank's eligibility to vote for a replacement trustee, particularly considering the haste and lack of basis for the objection.  U.S. Bank's response to the Interim Trustee's substantive claim objections was filed on  August 16, 2018 (Docket No. 171) in *In re Education Management II LLC*, Case No. 18-11494 (LSS), and on the chapter 7 docket for each other Credit Party Debtor (the "Claim Response").  The Claim Response is incorporated herein by reference.

to the 341 Meetings, U.S. Bank filed a detailed proof of claim against each of the Credit Party Debtors.  U.S. Bank's interests are completely aligned with unsecured creditors, because its remaining claim is almost completely unsecured and its deficiency claim likely constitutes more than 95% of the unsecured claims pool at each of the Credit Party Debtors.  Finally, U.S. Bank is not an insider of, and does not hold any equity in, any of the Credit Party Debtors.

4.    The voting thresholds have likewise been satisfied.  U.S. Bank holds well in excess of 20% of the claims that are eligible to vote at each of the Credit Party Debtors and was, therefore permitted, under section 702(b) of the Bankruptcy Code, to request the election of Mr. Neiger as replacement trustee.  U.S. Bank voted its claims for Mr. Neiger, satisfying both the 20% quorum requirement and the 50% majority requirement set forth in sections 702(c)(1) and (c)(2) of the Bankruptcy Code, respectively.

5.    Finally, the suggestion that Mr. Neiger is conflicted is entirely frivolous, and is nothing more than an attempt to harass U.S. Bank and its duly elected fiduciary.  As a preliminary matter, Mr. Neiger and his firm do not presently represent Mr. Miller in these cases. Although Mr. Neiger's firm has represented Mr. Miller in prior cases, those representations have absolutely nothing to do with the Debtors here, have substantively concluded, and do not prevent Mr. Neiger from serving as permanent chapter 7 trustee here.  More importantly, the applicable standard in the Third Circuit is whether Mr. Neiger's interests are materially adverse to the estates.  They are not.

6.    The Debtors' own books and records state that, taken in the aggregate, U.S. Bank's secured claim constitutes a non-material amount of U.S. Bank's claims.  This is precisely the situation that section 702 of the Bankruptcy Code was designed for and there is no basis to prevent U.S. Bank, as the true party in interest in these cases, from selecting an estate fiduciary

as the Bankruptcy Code permits.  Accordingly, the Court should resolve the disputed elections, overrule the Interim Trustee's objections thereto, and appoint Mr. Neiger as the permanent chapter 7 trustee for each of the Credit Party Debtors.

## BACKGROUND

**A.    General Background.**

7.    On or about January 5, 2015, each of the Credit Party Debtors and certain of their non-debtor affiliates entered into the Credit Agreement, the Pledge and Security Agreement, and each of the other Credit Documents.  U.S. Bank serves as the Administrative Agent and the Collateral Agent under the Credit Agreement and the Pledge and Security Agreement.

8.    Pursuant to the Credit Agreement, the Lenders agreed to provide Education Management II LLC with up to $149,999,999.12 in Tranche A Term Loans, up to $249,999,999.04 in Tranche B Term Loans, and up to $256,440,700.96 in Revolving Loans (collectively, the "Loans").  In exchange, each of the Credit Parties, including each of the Credit Party Debtors, jointly and severally, absolutely, unconditionally, and irrevocably guaranteed all Obligations owing under the Credit Agreement, including the Loans.  As further consideration, certain of the Credit Parties, including each of the Credit Party Debtors, also agreed to grant U.S. Bank, as Collateral Agent, a first priority security interest in and continuing lien on all of their right, title, and interest to and under all of the Collateral.

9.    On June 25, 2018, pursuant to Section 9-620 of the Uniform Commercial Code and the Credit Documents, the Credit Parties, including each of the Credit Party Debtors, and U.S. Bank entered into that certain Surrender of Collateral, Consent to Partial Strict Foreclosure, and Release Agreement (the "Partial Strict Foreclosure Agreement"), pursuant to which U.S. Bank foreclosed upon, and took title to and possession of, all of the Credit Party Debtors'

possession, right, title and interest in and to the Surrendered Collateral (as defined in the Partial Strict Foreclosure Agreement) in satisfaction of $13,000,000.00 of Obligations under the Credit Agreement. To date, the amount of cash collected by U.S. Bank after entry into the Partial Strict Foreclosure Agreement is less than $835,000.00.

**B.    The Chapter 7 Cases & Interim Trustee.**

10.    On June 29, 2018, each of the Debtors commenced a chapter 7 case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code. George L. Miller was appointed as the Interim Trustee for each of the Debtors by the Office of the United States Trustee.

11.    On July 3, 2018, each of the Debtors filed its Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements").

12.    On July 30, 2018, U.S. Bank provided the Interim Trustee with electronic access to copies of the Credit Agreement, the Pledge and Security Agreement, the Partial Strict Foreclosure Agreement, and certain other material documents related thereto.

**C.    The Proofs of Claim.[4]**

13.    On August 2, 2018, U.S. Bank filed a proof of claim (each, a "Proof of Claim" and collectively, the "Proofs of Claim") against each of the Credit Party Debtors. The Proofs of Claim include all Obligations of every nature arising under the Credit Documents. Each Proof of Claim asserted (a) a liquidated unsecured deficiency claim in the amount of $599,466,708.37, (b) a general unsecured claim for unliquidated amounts owing under the Credit Agreement (*e.g.*, accrued and accruing unpaid interest, fees, costs, and expenses), and (c) a secured claim

---

[4] The description of any Proof of Claim set forth in this Motion is qualified in its entirety by the Proof of Claim. Except as set forth in footnote 2 above, in the event of a conflict between this Motion and any Proof of Claim, the Proof of Claim shall control.

solely to the extent of the value of the Collateral (which is immaterial), which is valued at $307,078.42 in the Credit Party Debtors' Schedules and Statements.

14.    As set forth in the Schedules and Statements, after setting aside all tax attributes, the value of the Debtors' remaining assets (and the Collateral) is $307,078.42 in the aggregate. Accordingly, the value of U.S. Bank's secured claim is $307,078.42 (*i.e.*, the value of the Collateral based on the Debtors' own books and records) and the value of its unsecured liquidated deficiency claim is $599,466,708.37 (which is equal to the liquidated portion of U.S. Bank's claim minus the value of the Collateral).[5]

15.    On August 3, 2018, the Interim Trustee filed the *Objection of George L. Miller, Chapter 7 Trustee, to Proofs of Claim Filed By U.S. Bank, National Association as Administrative Agent on Behalf of Itself and Each Secured Claimant in the Above-Captioned Debtors' Cases* ("the "Claim Objection") [Docket No. 163].  As set forth above in footnote 3, U.S. Bank filed the Claim Response, in which U.S. Bank refutes the baseless allegations put forth by the Interim Trustee in the Claim Objection.

16.    On August 9, 2018, the United States Trustee filed its *Report of Disputed Election of Chapter 7 Trustee Submitted By United States Trustee* [Docket No. 167], in which it reported, among other things, that U.S. Bank made a request for an election at the 341 Meetings, which election remains disputed.

## BASIS FOR RELIEF REQUESTED

17.    Section 702 of the Bankruptcy Code authorizes the election of a trustee at an initial meeting of creditors held pursuant to section 341 of the Bankruptcy Code.  In order to commence the election procedure, creditors holding 20% or more, by amount, of all claims that

---

[5] U.S. Bank reserves all rights with respect to the value of its secured claim.

are eligible to vote must request an election. A candidate for trustee is elected if 20% or more of eligible claims are voted, and a simple majority of those claims are voted for the candidate. In the event that a trustee election is disputed, a representative of the Office of the United States Trustee must file a report notifying the Court of the dispute. The voting creditors then bear the burden of filing a motion requesting that the Court resolve the dispute. If no such motion is filed, the interim trustee automatically becomes the permanent trustee.

18.    Under section 702(a) of the Bankruptcy Code, a creditor is eligible to vote for a trustee candidate only if the creditor:

      a.     holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under sections 726(a)(2), 726(a)(3), 726(a)(4), 752(a), 766(h), or 766(i) of the Bankruptcy Code;

      b.     does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

      c.     is not an insider.

11 U.S.C. § 702(a).

19.    Bankruptcy Rule 2003(b)(3) adds the requirement that, to be eligible to vote, the creditor must have filed a proof of claim or a writing, at or prior to the section 341 meeting, setting forth facts evidencing the right to vote pursuant to section 702(a) of the Bankruptcy Code.

20.    Here, U.S. Bank plainly satisfies the eligibility requirements. U.S. Bank holds an allowable, undisputed, fixed, liquidated, and unsecured claim in the amount of nearly $600 million against each of the Credit Party Debtors. U.S. Bank does not have an interest that is materially adverse to other creditors. Based on the Schedules and Statements, U.S. Bank's Collateral appears to be nearly worthless and virtually all of U.S. Bank's recovery, if any, will come from a distribution on its unsecured claim. Moreover, U.S. Bank overwhelmingly controls

the universe of unsecured claims against each of the Credit Party Debtors.  In fact, the Debtors'

representative stated on the record at the 341 Meetings that he was only aware of the existence of

other creditors at two of the six Credit Party Debtors, Education Management Corporation and

Education Management II LLC.  Insofar as other creditors do exist, U.S. Bank does not have an

interest materially adverse to them.  In fact, because U.S. Bank's claim is virtually entirely

unsecured, its interests are consistent with those of unsecured creditors as a whole.  Finally, U.S.

Bank is not an insider of any of the Credit Party Debtors.

21.    Under sections 702(b) and (c) of the Bankruptcy Code, in order to elect a

permanent chapter 7 trustee, the following voting thresholds must be satisfied:

   a.    The election must be requested by creditors holding at least
         20% in amount of the claims that are eligible to vote;

   b.    Creditors holding at least 20% in amount of the total
         eligible claims must actually vote; and

   c.    The trustee candidate must receive the vote of creditors
         holding a bare majority of the total eligible claims that are
         actually voted.

11 U.S.C. § 702(b).

22.    U.S. Bank likewise satisfies the voting threshold requirements.  U.S. Bank holds

at least 95% in amount of the claims that are eligible to vote at each Credit Party Debtor, and

voted those claims in favor of Mr. Neiger.  U.S. Bank was the only creditor that voted, so the

result of each election was unanimously in Mr. Neiger's favor.

23.    Finally, Mr. Neiger is eligible to serve as the permanent chapter 7 trustee because

he satisfies the requirements of section 321 of the Bankruptcy Code and is disinterested.  Mr.

Neiger is qualified to perform the duties of trustee and has secured an office at 1000 N. West

Street in Wilmington, Delaware, which he intends to keep for the pendency of these cases.  *See*

11 U.S.C. § 321(a)(1).  Mr. Neiger also intends to retain Delaware counsel.  Mr. Neiger is

disinterested because he is not a creditor, an equity security holder, or an insider, has never served as an officer, director, or employee of any of the Credit Party Debtors, and does not hold a claim against the estates, or have any other interest that is materially adverse to the interests of the estates or any class of creditors or equity security holders.  *See* 11 U.S.C. § 101(14). Moreover, Mr. Neiger does not presently represent any of the Credit Party Debtors, does not represent Mr. Miller in these cases, and all prior representations of Mr. Miller in unrelated cases have substantively concluded.   In any case, the applicable standard in the Third Circuit is whether Mr. Neiger's interests are materially adverse to the estates.  *See In re BH&P, Inc.*, 949 F.2d 1300, 1312 (3d Cir. 1991) ("The question is . . .  whether a potential conflict . . . renders the [trustee's] interest materially adverse to the estate of the creditors.").   Prior representations of Mr. Miller in unrelated cases are not an interest adverse to the estate.  Simply, no conflict exists here.

24.      Accordingly, because the elections and U.S. Bank's votes satisfy all applicable eligibility and threshold requirements, and because Mr. Neiger is eligible to serve as chapter 7 trustee, this Court should resolve the disputed elections and appoint Mr. Neiger as the duly elected chapter 7 trustee of the estates of each of the Credit Party Debtors, subject only to Mr. Neiger qualifying pursuant to section 322 of the Bankruptcy Code.[6]

## RESERVATION OF RIGHTS

25.      U.S. Bank hereby reserves its rights to seek further relief in the future with respect to the election or replacement of any trustee in connection with the chapter 7 cases of the Credit Party Debtors, including, without limitation, through an appearance at the 341 Meetings, pursuant to section 703 of the Bankruptcy Code, or otherwise.   Nothing contained herein is

---

[6] Mr. Neiger is prepared to post the applicable bond promptly upon resolution of the Motion in U.S. Bank's favor, in accordance with section 322 of the Bankruptcy Code.

intended or shall be construed as a waiver of any rights that U.S. Bank may have under section 702 of the Bankruptcy Code, or otherwise.

## <u>CONCLUSION</u>

WHEREFORE, U.S. Bank respectfully requests entry of the Proposed Order, in substantially the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other and further relief as is just.

Dated: August 16, 2018
      Wilmington, Delaware

*/s/ Nicholas T. Verna*
Mark L. Desgrosseilliers (Del. Bar No. 4083)
Nicholas T. Verna (Del. Bar No. 6082)
Womble Bond Dickinson (US) LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone:  (302) 252-4320
Facsimile:  (302) 252-4330
Email:  mark.desgrosseilliers@wbd-us.com
Email:  nick.verna@wbd-us.com
-and-

Carey D. Schreiber, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY  10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
Email:  cschreiber@winston.com

*Counsel to U.S. Bank, N.A.*